UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE

    Plaintiff,

v.

LIEUTENANT SETTLEMYERS,
OFFICER KOSANOVICH, OFFICER
SIMMONS, SERGEANT NEEL,
OFFICER SMITH, and OFFICER WHITE,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Hamze, by counsel, files this Complaint for damages against Defendants, Lieutenant Settlemyers, Officer Kosanovitch, Officer Simmons, Sergeant Neel, Officer Smith, and Officer White (hereinafter collectively referred to as "Defendants"), Individually and as correctional officers at Santa Rosa C.I ("SARCI"), and states:

**Jurisdiction and Venue**

1. The subject cause of action occurred at SARCI located Santa Rosa County, Florida.

2. This is an action arising under 42 U.S.C. §1983 and 1988, the Eighth Amendment of the United States Constitution, and Florida State Law.

## Parties

3. At all times relevant herein, Abdelaziz Hamze (FDOC #L81379) was incarcerated at SARCI.

4. At all times relevant herein, Defendants, Lieutenant Settlemyers, Officer Kosanovich, Officer Simmons, Sergeant Neel, Officer Smith, and Officer White were prison officers employed by the Florida Department of Corrections Prison at SARCI.

5. At all times relevant herein, Defendants were acting under the color of state law.

## General Allegations

6. The subject incidents occurred on or about June 5, 2018 and June 10, 2018 at SARCI.

7. On or about June 5, 2018, Plaintiff was removed forcefully by Lieutenant Settlemyers, Sergeant Neel, Officer Simmons and Officer Kosanovich from his cell to be arbitrarily placed on property restriction. Plaintiff was not informed, nor aware, of the reason for the property restriction.

8. Nonetheless, Plaintiff was compliant with the officers' commands.

9. After all of Plaintiff's property was removed from his cell, he was placed back in the cell.

10. While removing Plaintiff's restraints through the cuffing portal with no provocation from Plaintiff, Officers Simmons and Kosanovich started twisting and pulling Plaintiff's arms violently.

11. As Officers Simmons and Officer Kosanovich held Plaintiff's left arm, Sergeant Neel placed it on the edge of the flap and struck it multiple times until Plaintiff's forearm broke.

12. As a result of the extensive damage caused to Plaintiff's arm, he was escorted for medical attention by Lieutenant Settlemyers who threatened to kill Plaintiff and stated, "we don't like Arabs in America."

13. An X-ray of Plaintiff's arm confirmed a broken bone in his left forearm.

14. Plaintiff was then transported to Baptist Memorial Hospital for emergency medical surgery. Plaintiff was not provided such treatment for lack of resources and was transported back SARCI.

15. On or about June 10, 2018, Plaintiff was removed from his cell for a medical call-out for assessment of his injuries.

16. While being transported to the medical center at SARCI, Plaintiff, without provocation, was excessively beaten by Officer White and Officer Smith.

17. Knowing of his arm injury, Officer White and Officer Smith further went after Plaintiff's left arm once again, and exerted excessive force on Plaintiff's left arm, causing him significant pain and, upon information and belief, breaking a second left forearm bone.

18. A cast was placed on Plaintiff's arm until he was transported to Regional medical Center, where he received surgery on or about July 27, 2018.

19. Upon information and belief, following the initial beating, Defendant Neel filed a false disciplinary report regarding the excessive force used on Plaintiff and the cause of Plaintiff's excessive injury, stating that Plaintiff's conduct provoked the altercation.

20. Plaintiff has complied with all statutory conditions precedent under the Prison Litigation Reform Act and/or they have been waived.

## Count I – Deprivation of Civil Rights (42 U.S.C.§ 1983)

21. Plaintiff incorporates rhetorical paragraphs 1-20 herein.

22. Defendants, individually and in the course and scope of their employment as Florida Department of Corrections Officers, acted with deliberate indifference when they exercised excessive and unreasonable force on the person of Plaintiff.

23. Defendants' behavior was uncalled for, unnecessary, had no penological purpose, and shocks the conscience, in that Plaintiff was cooperative with the officers but was discriminated against for being of Arabic descent and was not a threat to any officer, FDOC employee, agent or fellow inmate.

24. Acting under the color of state law, as agents of and with authority of the Florida Department of Corrections, Defendants intentionally and with complete reckless and callous disregard and indifference for Plaintiff's civil rights, deprived Plaintiff of his constitutional rights, including but not limited to be free from cruel and usual punishment under the Eighth Amendment:

    a. Using a degree of force that was excessive under the circumstances with no good faith justification;

    b. Using a degree of force that was excessive under the circumstances and was not used to maintain or restore discipline;

    c. Using a degree of force to maliciously and sadistically cause harm to Plaintiff.

25. By reason of the foregoing, Defendants violated 42 U.S.C. § 1983 and the Eighth Amendment.

26. As a direct and proximate result of Defendants' actions, Plaintiff suffered bodily injury, humiliation, embarrassment, post-traumatic stress disorder, physical and mental pain and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, and where applicable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## Count II - Battery

27. Plaintiff incorporates by reference rhetorical paragraphs 1-24.

28. In June 2018, Defendants without consent, intentionally struck Plaintiff against his arm with excessive force, which caused his forearm to break.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffered bodily injury, humiliation, embarrassment, post-traumatic stress disorder, physical and mental pain and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, and where applicable attorney's fees and costs.

## Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Guy S. DiMartino
Guy S. DiMartino
Guy S. DiMartino, DC, JD, PA
918 W. Main Street
Leesburg, FL 34748
(352) 267-9168 – Phone
(866) 887-3026 – Fax
gsd@gsdimartino.com - Email