IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**
**DOC # L81379**,

    Plaintiff,

v.   Case No. 3:22-CV-4978-TKW/ZCB

**SETTLEMYERS, ET AL.**,

    Defendants.
_____/

**DEFENDANTS' PRE-TRIAL NARRATIVE,
EXHIBIT LIST, AND WITNESS LIST**

In accordance with this Court's Order, (Doc. 29), **Smith**, **Settlemiers**, **White**, **Kosanovich**, **Simmons**, and **Neel** ("Defendants"), hereby submit this Pre-Trial Narrative, Witness List with addresses and summaries of anticipated testimony, and Exhibit List:

**PRETRIAL NARRATIVE**

Plaintiff's case involves two incidents involving two differing sets of officers. The first incident occurred on June 5, 2018, and involves a use of force where the Plaintiff and two officers were injured because of Plaintiff's actions. The officers involved in the first incident are Settlemiers, Neel, Simmons, and Kosanovich. The second incident involves a use of force which occurred on June 10, 2018. The

1

officers involved in the second use of force are Smith and White. Each of the incidents are described below.

**I.     The June 5, 2018, incident.**

On June 5, 2018, at around 8:22 AM, Plaintiff was being placed into his cell. Plaintiff was handcuffed when he was being placed into his cell. After placing Plaintiff in the cell, and securing the door, Simmons ordered Plaintiff to provide his hands so that the handcuffs could be removed. Plaintiff was told to place his hands through the secure handcuff portal. Based on this, Plaintiff placed his hands through the portal, and Simmons then removed the handcuffs. After the handcuffs were removed, Plaintiff grabbed hold of Kosanovich and attempted to bring Defendant's arm through the portal.

Based on Plaintiff's actions, Kosanovich, Simmons, and two nearby officers, Defendant Neel, officer Lee Peacock ("Peacock"), grabbed Plaintiff's hands and pulled in response so that Kosanovich's hand could not be pulled into the cell. To get Plaintiff to release Kosanovich's arm, Neel utilized hammer fist blows on Plaintiff's arm. Plaintiff then eventually relinquished control over Kosanovich and grabbed Neel's hand. Plaintiff attempted to bring Neel's right hand into the cell through the portal.

Based on Plaintiff's actions, Kosanovich, Simmons, Peacock, and Neel then utilized force and attempted to break Plaintiff's grasp. While grabbing Neel's hand,

Plaintiff attempted to apply a downwards force on Neel's arm to break it. Based on Plaintiff's actions, Defendants and Peacock pulled Neel's arm from the portal and eventually Plaintiff relinquished control of Neel's arm. After Neel's arm was removed from the portal, the gab was secured.

After the incident, Neel and Kosanovich reported to medical for treatment. Both Defendants received treatment because of the incident with Plaintiff.

Later, Defendant Settlemiers, who had witnessed the incident, escorted Plaintiff to medical for his own medical assessment. Simmons had also retrieved a video camera and filmed the escort. Settlemiers did not utilize force on Plaintiff at any point. During the escort, Defendant Simmons was tasked with videotaping the escort. Plaintiff was escorted to medical, received medical treatment, and placed back into his cell without incident.

After the incident, Neel and Kosanovich issued disciplinary reports for battery on staff. Plaintiff was ultimately convicted of the disciplinary reports and lost gain time.

Additionally, Plaintiff's actions also lead to an Inspector General (IG") investigation into the incident. The IG referred the incident to the State Attorney's Office for prosecution, but the State Attorney declined to prosecute because Plaintiff is life sentenced.

## II. The June 10, 2018, incident.

On June 10, 2018, Plaintiff was being escorted by Defendant White to medical. During the escort, Plaintiff attempted to hit White with his left arm and shoulder. In response, White ordered Plaintiff to stop his actions, but Plaintiff refused to do so. Based on Plaintiff's actions, White utilized force on Plaintiff by directing him to the ground chest-first. Plaintiff ended up in a prone position on the floor.

Based on the use of force, Defendant Smith ran over to provide assistance. Both White and Smith utilized their body weight to hold Plaintiff on the ground and ordered him to comply with their orders. Eventually, Plaintiff complied with the orders being given, and Plaintiff was helped to his fee by Smith and White. The use of force was then reported, and Plaintiff was taken to medical.

Eventually, Lieutenant Scott Fulford ("Fulford") arrived and took over the procedural aspects of Plaintiff's escort. Officer Jack Lane ("Lane") also arrived with a video camera and recorded the remainder of Plaintiff's interactions with staff. No further incident occurred, and Plaintiff was placed back into his cell with his handcuffs removed. Neither Fulford nor Lane utilized force on Plaintiff.

# **EXHIBIT LIST**

1. Inspector General Case Master Report # 18-10013.

2. Use of Force Report # 18-10011.

3. Use of Force Report # 18-10236.

4. Video footage for Use of Force Report 18-10011.

5. Video footage for Use of Force Report 18-10236.

6. Chain of custody documents for videos listed above.

7. MINS Incident Report # 860486.

8. MINS Incident Report # 860491.

9. MINS Incident Report # 860494.

10. MINS Incident Report # 860533.

11. MINS Incident Report # 860872.

12. MINS Incident Report # 861243.

13. MINS Incident Report # 861245.

14. MINS Incident Report # 861253.

15. Use of Force Incident Report No. 13A-18-0380.

16. Use of Force Incident Report No. 13A-18-0380A.

17. Use of Force Incident Report No. 13A-18-0380B.

18. Use of Force Incident Report No. 13A-18-0380C.

19. Use of Force Incident Report No. 13A-18-0390.

20. Use of Force Incident Report No. 13A-18-0390A.

21. Use of Force Incident Report No. 13A-18-0390B.

22. Use of Force Incident Report No. 13A-21-0338C.

23. DR Packet log 135-180967.

24. DR Packet log 135-180968.

25. Plaintiff's Administrative Grievances.

26. Plaintiff's Internal and External movements via CDC.

27. Plaintiff's Disciplinary History via CDC.

28. Plaintiff's Medical and Mental Health Records.

29. Defendants' Medical Records.

30. Certified copies of Plaintiff's convictions.

31. Certified copies of convictions of any inmate witness called by Plaintiff.

32. Plaintiff's call audio, mail, and email records.

33. Any exhibit listed by Plaintiff (subject to Defendants' objections).

# **WITNESS LIST**

1. Trevor Smith (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding incident at issue.
    c. Approximate testimony time: 1-2 hours.

2. Corey Settlemiers (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding incident at issue.
    c. Approximate testimony time: 1-2 hours.

3. Jack White (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding incident at issue.
    c. Approximate testimony time: 1-2 hours.

4. Grant T. Kosanovich (Defendant).
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding incident at issue.
    c. Approximate testimony time: 1-2 hours.

5. Thomas J. Simmons (Defendant).
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding the incident at issue.
    c. Approximate testimony time: 1-2 hours.

6. Justin P. Neel (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Regarding the incident at issue.
    c. Approximate testimony time: 1-2 hours.

7. Stacy L. Harris (Witness).
    a. Address: 501 South Calhoun Street, Tallahassee, FL 32399-2500.
    b. Anticipated Testimony: Regarding IG investigation and review.
    c. Approximate testimony time: 1 hour.

8. Matthew Jackson (Witness).
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.

      b. Anticipated Testimony: Regarding the June 6, 2018, and June 10, 2018, incidents.
      c. Approximate testimony time: 1 hour.

9. Lee Peacock (Witness).
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding subsequent disciplinary charges.
    c. Approximate testimony time: 1 hour.

10. M. Reyes (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding Defendant Kosanovich's, Defendant Neel's, and Plaintiff's medical treatment related to the June 5, 2018, incident.
    c. Approximate testimony time: 2 hours.

11. S. Melvin (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding Plaintiff's medical treatment.
    c. Approximate testimony time: 1 hour.

12. James E. Parker (Witness)
    a. Address: 6495 Caroline Street, Suite S, Milton, Florida 32570.
    b. Anticipated Testimony: Regarding the decision by the State Attorney's Office not to criminally prosecute Plaintiff.
    c. Approximate testimony time: 15 minutes.

13. Scott Fulford (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding the June 6, 2018, incident.
    c. Approximate testimony time: 1 hour.

14. Jack Lane (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding the June 10, 2018, incident.
    c. Approximate testimony time: 1 hour.

15. D. Saenz (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding Plaintiff's medical treatment.
    c. Approximate testimony time: 1 hour.

16. L. Rodriguez (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding Plaintiff's medical treatment.
    c. Approximate testimony time: 1 hour.

17. R.F. Caldwell (Witness)
    a. Address: 5850 East Milton Road, Milton, Florida 32583-7914.
    b. Anticipated Testimony: Regarding Plaintiff's disciplinary hearings and the associated convictions.
    c. Approximate Testimony time: 1 hour.

18. Wes Kirkland or Michael Harrel (Witness)
    a. Address: 501 South Calhoun Street, Tallahassee, FL 32399-2500.
    b. Anticipated Testimony: Regarding use of force procedures and requirements.
    c. Approximate testimony time: 1 hour.

19. Kellie Caswell, RN, BSN (Witness) (medical records)
    a. Address: 501 South Calhoun Street, Tallahassee, FL 32399-2500.
    b. Anticipated Testimony: Regarding summary testimony of Plaintiff's Medical Records.
    c. Approximate testimony time: 2 hours.

20. Any record custodian necessary for Defendants' Exhibits from Florida Department of Corrections or Medical providers.

21. Any witness included on Plaintiff's Witness List (subject to Defendant's objections).

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3300
Facsimile: (850)488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Pre-Trial Narrative, Exhibit List, and Witness List* was e-filed and electronically through CM/ECF on April 19, 2023, and furnished by U.S. Mail to: Abdelaziz Hamze, DC# L81379, Apalachee Correctional Institution, East Unit, 35 Apalachee Drive, Sneads, FL 32460-4166 on April 20, 2023.

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829