IN THE US STATES NORTHERN DISTRICT COURT
OF FLORIDA

Abdelaziz Hamze,
  v.
Neel, et al,

22-cv-4978

## MOTION FOR INJUNCTIVE RELIEF

Comes Now the plaintiff in pro-se and files this motion for Injunctive Relief requesting respectfully that this court orders:

1. That the F.D.O.C. is restrained from transferring plaintiff to Santa Rosa C.I., where the incident in chief occurred, or to any institution at which any of the defendants work.

2. That the F.D.O.C. must take measures against any unconstitutional reprisal against plaintiff due to this lawsuit, including retaliatory transfers to institutions that are known for their adverse settings and extra-strict and harsh treatments, or for excessive gang activities, and <u>Especially protect him during transports.</u>

The plaintiff reminds that ever since the inception of this case, he had been transferred frequently. He was transferred from Tomoka C.I. to Blackwater C.F. on Nov. 17, 21 (while he was preparing to file this case) and then to Graceville C.F. on Dec. 17, 21 and then to Hamilton C.I. on 9.12.22 and then to Charlotte C.I. on 10.26.22 then to A.C.I. on 4.2.23, where he is now in confinement awaiting transfer.

3. These transfers were, each, following an incident of a physical altercation or fight in which the plaintiff was

- 1 of 9 -

attacked by an inmate acting on the orders of a staff member who is recruiting gang members to retaliate to my litigation of this case, and others.

Not only was the plaintiff injured in each of these cases, but he was also outrageously written-up disciplinary reports, which the administration refused to overturn despite the overwhelming evidence against these report(s). See Exhibit G, DR appeal at Charlotte C.I. of DR# 510-230420) This proves that the administrations of these institutions is a participant and a sponsor of these episodes of Reprisal.

In fact, Warden Maddox of A.C.I. has personally threatened plaintiff with physical harm, on April 14, prior to the last incident in which plaintiff was attacked, on Apr. 17.

Therefore, the intervention of this court is strongly warranted and necessary for the administration of justice and to ensure the fairness of the litigation process. Otherwise, there would be no end in sight to this plethora of retaliatory episodes, which defeat the very purpose of the litigation process under 42 U.S.C. §1983, such as this case of 550 prisoner rights claim.

* "Defendents were counseled with during legal conferences and stated that they had no objections thereto. Defense counsel further stated that these concerns were forwarded to the General counsel of F.D.O.C. who also had no objections thereto."

-2 of 4

3. That plaintiff must not be placed in confinement at all because of this case, and he must not be housed with a cellmate.

4. That the F.D.O.C. staff must routinely offer physical treatment to the plaintiff's arm, which is terminally injured due to the incident in chief, and due to the lack of timely and adequate treatment at that time resulting in the delay of surgery unnecessarily for nearly 2 months after the bones were broken.

    Currently, the medical staff at all Institutions refuse to treat plaintiff for anything, in retaliation, and the security staff refuse to honor plaintiff's medical passes (See Exhibits A & B) which is unconstitutional, and especially adverse and cruel considering the frequent transfers of plaintiff during which the restraints and the forceful lifting of plaintiff's property is a hazard that subjects his arm to breaking again.

5. That plaintiff must have uninterrupted access to communication means with the outside at all times, in order to ensure his safety and his ability to <u>initiate confidential legal phone calls on a weekly basis and effectively</u>

-3 of 4-

communicate with with lawyers and this court. These means have been a prime target of the institutional reprisal at all institutions. For e.g. Plaintiff is the only inmate in his dorm that has no tablet, as he observed, and is being denied all legal supplies from the law library, which he can't also order or purchase in confinement except once every 2 weeks, if his order is correctly processed.

This has caused the plaintiff delays in communicating with his lawyer previously, and will fringe on his ability to do so now, much more on his ability to litigate in pro-se and meet the court's deadlines.

Wherefore, plaintiff avers that granting this motion in full is necessary for the just and effective prosecution of this case.

Abdelaziz Hamze
5-1-2023

CERTIFICATE OF SERVICE

A true copy of the foregoing was mailed via US mail to: Clerk                                    Attorney General
1 N. Palafox St           &     PL 01 - The Capitol
Pensacola, FL 32583        Tallahassee, FL 32399-1442

On the 1st day of May 2023.

Abdelaziz Hamze
A.C.I.

-4 of 4-

**102-APALACHEE EAST UNIT**
35 Apalachee Dr., Sneads, FL, Jackson 32460
(850) 718-0688  Fax: (850) 482-9002

04/25/2023 03:30 PM
Page 1 of 1
Test Form

| Test Form |
|---|
| **Authorizing Provider:** Gilbert Noe, MD, Medical Director, Cen  **Service Provider:** FDC<br>**Signing Provider:** Cori Bowers, CNA, Nursing Assistant, Centurion |
| **Patient Name:** ABDELAZIZ HAMZE   **DOB:** 04/23/1983   **Age:** 40 Years   **Sex:** M<br>**DC#:** L81379 |

| Code | Description | Diagnoses |
|---|---|---|
| SP-RATV1 | Restricted Activity 1 - Specify | |

**Order Number:** 2617362-3
**Auth#:**
**Quantity:** 1
**Start Date:** 01/26/2023   **End Date:** 01/26/2024
**Priority:** Normal
**Electronically Signed By:** Cori Bowers, CNA, Nursing Assistant, Centurion
**Signed on:** 1/26/2023  9:58:41AM
**Instructions:** FRONT CUFF PASS

*Exhibit A* (handwritten)

**102-APALACHEE EAST UNIT**
35 Apalachee Dr., Sneads, FL, Jackson 32460
(850) 718-0688  Fax: (850) 482-9002

*04/25/2023 03:30 PM*
Page 1 of 1
Test Form

# Test Form

| | |
|---|---|
| **Authorizing Provider:** Gilbert Noe, MD, Medical Director, Cen | **Service Provider:** FDC |
| **Signing Provider:** Cori Bowers, CNA, Nursing Assistant, Centurion | |

| | | | |
|---|---|---|---|
| **Patient Name:** ABDELAZIZ HAMZE | **DOB:** 04/23/1983  **Sex:** M | **Age:** 40 Years |
| **DC#:** L81379 | | |

**Code** | **Description** | **Diagnoses**
SP-RATV2 | Restricted Activity 2 - Specify
 | **Order Number:** 2617362-4
 | **Auth#:**
 | **Quantity:** 1
 | **Start Date:** 01/26/2023     **End Date:** 01/26/2024
 | **Priority:** Normal
 | **Electronically Signed By:** Cori Bowers, CNA, Nursing Assistant, Centurion
 | **Signed on:** 1/26/2023 9:58:41AM
 | **Instructions:** NO HEAVY LIFTING GREATER THAN 15LBS

*Disregard*
*His Sick*

Exhibit B

*Report run by Julie Barton, Medical Records Supervisor, Ce*

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Last: Hamze, First: Abdelaziz, Middle Initial: B
DC Number: L81379
Charlotte C.I.

RECEIVED MAR 15 2023 — Charlotte C.I. Assistant Warden Programs

2303-510-117

**Part A – Inmate Grievance**

DR appeal

This is an appeal of DR# 510-230420 which violates the law of the land:

(1) The statement of facts fails to include the physical evidence (videotape of the wing camera) in violation of Ch. 33-601-304(2)(e).

(2) Investigating officer failed to interview the charging officer against 33-601.305(1).

(3) Officer Rollins only initiated the investigation of this DR over 5 days from the time it was written, against ch. 33-601.305 requiring him to do so within 24 hours.

(4) The hearing disciplinary team failed to offer, and refused to render, staff assistance, despite my request for it due to my hearing impairment. Therefore, they violated ch. 33-601.307(d).

(5) The disciplinary team simply copied & pasted the DR, and failed to enumerate any specific facts from the DR or the investigative report, and failed to specify what evidence was used in their finding of guilt, violating Ch. 33-601.308(4). The team also refused my request to read the disposition on the videotape or to include it in their findings. See Lamb v. McNeil, 2009 Fla. App. LEXIS 13569. (Prison officials failure to furnish a detailed description of why a videotape didn't provide evidence to support inmate's allegations, but only furnished a summary conclusion is failure to comply with subsection 33-601.305(4)).

(6) The length of time I spent in Administrative confinement for this DR exceeded 7 working days, from 2.28 till 3.10.23, and no extension was documented, in violation of 33-602.220(3)(a). The reason for the delay stated in the findings sheet is false, based on the team's statement that they heard the same DR for inmate Mounds a week earlier than my hearing and they only had 12 DRs to hear for the week, 7 DRs were heard that same day before 10:55 am.

(7) There was no written input by any psychologist or psychiatrist approving the process of this DR, as the team admitted, in violation of Ch 33-404.108(5).

Date: 3.14.2023

» Continue on page 1 »

Signature of Grievant and D.C. #: Hamze L81379

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___1___

MAILED DATE: Signature

INSTRUCTIONS

This rule mandates a report of approval by mental health in my case because I am a "level 3 outpatient" with psychotic and major depressive disorder symptoms, on psych. medicine.

(8) Officer Senn admits to wrong doing by not intervening or making any verbal command to stop the fight, meanwhile back-up arrives, instead she is charging me with failing/refusing to stop a fight which is something I wasn't able to do, which is unreasonable, considering that I was under attack and assault. This is consistent with my narrative during the DR hearing, that I was attacked and assaulted, then seperated from the other inmate, and Senn watched and failed to stop another attack/assault which happened at her idle watch. Positively, the videotape evidence shows that I was attacked first, twice. Not only I wasn't able to stop him from attacking me or restrain him from assaulting, the officer Senn is charging me of ignoring a verbal order by another officer, which I can't hear due to my hearing impairment especially during a "fight" as she calls it. If the officers couldn't restrain/stop it without using gas, why are they punishing me for failing to restrain the attacker while I wasn't initiating aggression. Officer Senn should be disciplined. She is not certified so she is not authorized to write DRs per Ch.11, B27.00212 (10).

(9) This odd enforcement of the fighting rule fringes on my constitutional right to self-defense, since I was attacked first as the videotape evidence shows, and neither the officers nor the inmate stated anywhere that I was the initiator/attacker/aggressor. This makes this DR a fundamental constitutional deprivation and must be expunged.

## PART B - RESPONSE

| HAMZE, ABDELAZIZ | L81379 | 2303-510-117 | CHARLOTTE C.I. | Y2111L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your formal grievance log #2303-510-117 was received and reviewed. You are grieving DR Log #510-230420 that you received on 02/28/2023 for 2-4, Fighting.

Point #1: You are grieving that the statement of facts failed to include the physical evidence (videotape of the wing camera). The fixed wing camera did not need to be reviewed as the officer in the officer's station witnessed the dayroom incident and immediately requested backup.

Point #2: You are grieving that the investigating officer did not interview the charging officer. An interview was not required as charging officer authored the disciplinary report.

Point #3: You are grieving that the DR Coordinator initiated the investigation five days from when the disciplinary report was written. A review of the database reveals that the incident occurred on Tuesday, 02/28/2023. The disciplinary report was written on Wednesday, 03/01/2023. The investigation began on 03/01/2023. The DR was delivered to you on Monday, 03/06/2023.

Point #4: You are grieving that the DR Hearing team failed to offer and refused to render staff assistance despite your request. Offering staff assistance at the DR Hearing was an oversight. However, you did not request or disclose what manner of staff assistance you needed.

Point #5: You are grieving that the DR Hearing team failed to specify what evidence was used in their finding of guilt. You are further grieving that the team refused your request to read the disposition of the videotape evidence. A review of the statement of facts revealed that the DR Hearing team considered all submitted evidence and statements, both written and verbal in reaching their finding. Additionally, the results of the videotape evidence are for the hearing team to determine if the results support or do not support the inmate's claim.

Point #6: You are grieving the length of time you spent in confinement prior to the DR being heard. Additionally, you are grieving that the DR for the other inmate in this infraction was heard previously, and that there were only a small number of DR heard in your quad. First, a review of the DR Findings revealed that the DR was heard on 03/10/2023. That was ten days from your placement into confinement. When the disciplinary report was heard, you were assessed a 30-day penalty with 10 days of administrative confinement credit. Second, the disciplinary report for the other inmate in the infraction was heard when it was completed by the DR Coordinator. Third, the DR Coordinator processes a significant number of disciplinary reports for the entire compound. Disciplinary Reports are given to the Classification Officers as the reports are completed.

Point #7: You are grieving that there was no written input by any psychologist or psychiatrist approving the process of the DR. A review of the DR packet reveals that mental health approved the processing of the DR.

Point #8: You are grieving that Officer Senn did not intervene in stopping the altercation. Additionally, you are grieving that Officer Senn is not certified so she is not authorized to write disciplinary reports. First, Officer Senn was in the dormitory control room and could not abandon her post. She immediately called for backup to assist with the disturbance. Second, disciplinary reports can be written by any staff member (security or civilian), contract member, volunteer, or other persons of constituted authority.

Point #9: You are grieving that the enforcement of this disciplinary report infringes on your constitutional right to self-defense. The moment that you physically engaged the other inmate, is the moment when the dynamic of the situation changed, and the altercation became a fight. A fight can be also self-defense against the initiator.
Based on this information, your formal grievance is DENIED.

You may obtain further administrative review of your complaint by completing form DC1-303, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, FL 32399-2500.

J. Dawan ass
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

D. SNIDER, WARDEN
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE: 3-23-23
MAILED DATE: MAR 23 2023

INMATE GRIEVANCE OFFICE

Exhibit G

