UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,
    Plaintiff,

v.                                        Case No.: 3:22cv4978/TKW/ZCB

SETTLEMYERS, et al.,
    Defendants.
_____/

# ORDER

Plaintiff is an inmate of the Florida Department of Corrections currently proceeding *pro se*. Plaintiff was initially represented by counsel, but counsel withdrew after filing Plaintiff's pretrial documents. (Docs. 29, 31, 35, 40). The Court ordered Plaintiff to retain new counsel or inform the Court that he intends to proceed *pro se* within thirty days. (Doc. 40). Plaintiff was unable to obtain counsel by the deadline. (Doc. 42 at 1). Plaintiff now moves for Court-appointed counsel "or referral to pro-bono counsel." (Docs. 42 at 3; 49).

Plaintiff is not proceeding *in forma pauperis* and currently has several thousand dollars in his inmate account. (*See* Doc. 49 at 3-4); 28 U.S.C. § 1915(e)(1) (governing a court's ability to request attorney representation on behalf of a plaintiff proceeding *in forma pauperis*). The Court generally does not have authority to

1

**require** an attorney to represent any civil litigant, nor does it have the funds to pay for an attorney to represent Plaintiff. *See Maitland v. The United States District Court for the S.D. Iowa*, 490 U.S. 296, 301–02 (1989). Thus, the Court will deny Plaintiff's motion to the extent that he is requesting that the Court assign an attorney to represent him.

The Court will, however, in an exercise of its discretion direct the Clerk of Court to issue a notice to all attorneys registered with the Court's electronic filing system, inviting an attorney to voluntarily represent Plaintiff *pro bono*. *See Dupree v. Owens*, No. 1:20-CV-4915, 2021 WL 2519003, at *7 (N.D. Ga. Apr. 6, 2021) (stating that "the decision to seek *pro bono*, or free, counsel to represent a litigant in a civil case is within the discretion of the Court"). **Plaintiff is advised that the issuance of this invitation to counsel does not guarantee him representation in this case; and he must continue to prosecute this case himself unless and until counsel appears on his behalf**.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 42) and Amended Motion for Counsel (Doc. 49) are **DENIED**. However, the Clerk of Court is directed to issue a notice to all attorneys registered with the Court's electronic filing system and publish on the Court's website a notice soliciting a volunteer attorney. The notice shall state:

2

This is a notice of an opportunity to provide *pro bono* representation in the case of *Hamze v. Settlemyers, et al.*, Case No. 3:22cv4978/TKW/ZCB.

Plaintiff is an inmate of the Florida Department of Corrections, currently housed at Apalachee Correctional Institution. Plaintiff seeks relief under 42 U.S.C. § 1983 against six correctional officers at Santa Rosa Correctional Institution for alleged uses of excessive force on June 5, 2018 and June 10, 2018. These incidents resulted in surgery to Plaintiff's left forearm. (*See* Docs. 1, 38). Plaintiff also brings a state tort claim for battery. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs.

**Until March 15, 2023, Plaintiff was represented by counsel.** (Doc. 40). All six Defendants have appeared in this case. Discovery was completed on November 11, 2022, and dispositive motions were due on December 1, 2022. No party filed a dispositive motion, but the parties did submit an "Agreed Motion for Referral to Magistrate Judge for Settlement Conference." (Doc. 20). Their motion was granted, and the matter was set for a settlement conference on December 13, 2022. (Docs. 21, 22). That conference resulted in an impasse. (Doc. 25). The parties subsequently attempted private mediation. (*See* Doc. 26). That private mediation also resulted in an impasse. (Doc. 28). Plaintiff has filed a statement of the facts, exhibit list, and witness list. (Docs. 36-38). Defendants have done the same. (Doc. 45). **Thus, this case is at the trial stage.**

Public funds are not available for the payment of attorney fees. Fees may be recoverable under applicable law if Plaintiff ultimately prevails. *See* 42 U.S.C. §2000e; *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 417 (1978). Limited funds are sometimes available from the District's Bench and Bar Fund for the payment of out-of-pocket expenses incurred by an attorney providing representation of this type.

Members of the District's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to

undertake the representation. An attorney who wishes to provide representation may contact the Clerk's Office to obtain Plaintiff's

contact information and may enter the case by filing a notice of appearance after obtaining consent of the Plaintiff to the representation.

**DONE AND ORDERED** this 19th day of May 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge