UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,
    Plaintiff,

v.                                                                    Case No.: 3:22cv4978/TKW/ZCB

SETTLEMYERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Motion for Injunctive Relief." (Doc. 48). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.

### I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) inmate who is currently incarcerated at Apalachee Correctional Institution. Plaintiff has sued six correctional officers from Santa Rosa Correctional Institution, alleging that they used excessive force on June 5, 2018 and June 10, 2018. (Doc. 1). Plaintiff's complaint seeks monetary relief. (*Id.* at 7).

On May 15, 2023, Plaintiff filed a motion for injunctive relief. (Doc. 48). In his motion, Plaintiff complains that FDOC officials are retaliating against him because of this lawsuit. Plaintiff states he has been transferred numerous times since he initiated this case. (*Id.* at 1). He claims each transfer was following "an incident

1

of a physical altercation or fight in which [he] was attacked by an inmate acting on the orders of a staff member." (*Id.* at 1-2). Plaintiff also claims that FDOC staff members have refused to treat him for anything—including his arm—and refused to honor his medical passes. (*Id.* at 3). Furthermore, Plaintiff alleges the FDOC has restricted his tablet usage, denied him legal supplies from the law library, and caused delays in his communications with his previous attorney and this Court. He seeks the following relief:

- An order directing that FDOC may not retaliate against him for this lawsuit by transferring him to Santa Rosa Correctional Institution, where the events giving rise to this lawsuit took place, or any other institutions that "are known for their adverse settings and extra-strict and harsh treatment, or for excessive gang activity." (Id. at 1).

- An order ensuring that he will not be placed in confinement because of this case and not be housed with a cellmate. (*Id.* at 3).

- An order directing FDOC staff to routinely offer physical treatment to Plaintiff's arm. (*Id.*).

- An order ensuring Plaintiff has "uninterrupted access to communication means with the outside at all times." (*Id.* at 4).

## II.  Discussion

Plaintiff's motion for injunctive relief, which the Court construes as a motion for a preliminary injunction because it appears to seek immediate relief regarding his confinement, should be denied for several reasons. *See generally Richey v. Lee*, No. 5:08cv225, 2008 WL 4790345, at *1 (N.D. Fla. Oct. 31, 2008) (construing a

prisoner's motion seeking immediate relief regarding his confinement as a motion for a preliminary injunction).

First, Plaintiff does not seek injunctive relief in his complaint. He seeks only monetary relief. Thus, this Court lacks the authority to enter a preliminary injunction because Plaintiff only asks for damages in his complaint. *Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008) ("The district court lacked the authority to enter this injunction because in the underlying litigation, [the plaintiff] asks only for damages, a legal remedy."); *see also Schwartz v. United States Dep't of Justice*, No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (cleaned up).

Second, Plaintiff's motion should be denied because it is based on events that are not closely related to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be resolved. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This necessitates that the relief sought in the motion for a preliminary injunction be closely related to the

conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

The events underlying Plaintiff's complaint are two uses of excessive force, for which he seeks only monetary damages. Plaintiff's complaint does not allege a retaliation claim nor does it seek injunctive relief. Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his complaint, his motion should be denied. *See, e.g., Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), report and recommendation adopted, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Even though Plaintiff believes the FDOC staff members' alleged actions described in his motion were taken in retaliation for filing this lawsuit, that does not make the claims closely related. *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), adopted by, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion for a preliminary injunction not closely related where "the only connections between the underlying lawsuit and the motion for a preliminary

injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit"). Because Plaintiff's motion for preliminary injunction is not based on matters set forth in the complaint, his motion should be denied. *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), adopted by, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Third, to the extent Plaintiff seeks a preliminary injunction against non-parties, the Court lacks jurisdiction to grant such relief. Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). Plaintiff complains of actions taken by other FDOC officials whoare not Defendants to this suit. And Plaintiff is no longer at Santa Rosa Correctional Institution, where the events underlying his complaint took place and Defendants presumably work. The Court lacks subject matter jurisdiction to grant an injunction against any FDOC

officials who are not parties to this action. *See, e.g.*, *Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject matter jurisdiction to issue a preliminary injunction against a non-party).

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Injunctive Relief," (Doc. 48), be **DENIED.**

At Pensacola, Florida this 22nd day of May 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**