UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**,

    **Plaintiff**,

v.                                       Case No. 3:22cv4978-TKW-ZCB

**LT. SETTLEMYERS, et al.**,

    **Defendants**.

_____/

### ORDER DENYING LEAVE TO FILE OUT-OF-TIME MOTION FOR SUMMARY JUDGMENT

This case is before the Court based on Defendants' motion for leave to file an out-of-time motion for summary judgment (Doc. 54). No response is necessary.

### Background

The is a relatively straightforward case—Plaintiff (a state prisoner) alleges that Defendants (prison guards) violated his Eighth Amendment rights and committed a state law battery when they used excessive force on him on two separate occasions in June 2018. The case has been pending for more than a year and discovery closed more than 6 months ago. The deadline for filing motions for summary judgment was December 1, 2022, but no motions were filed. The case is ready for trial and is in the process of being set. *See* Doc. 53.

On May 24, 2023, the same day that the Court directed the parties to propose dates for the trial, Defendants filed a motion seeking leave to file an "out-of-time motion for summary judgment." Specifically, the motion "request[s] leave to file a Motion for Summary Judgment addressing *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] and its applicability to Plaintiff's … claim" in light of his disciplinary conviction related to the incidents on which his claims are based.

## Analysis

Generally, a party seeking to file a motion after the deadline established in the scheduling order must establish "good cause" by showing that the original deadline could not be met despite the diligence of the movant. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). However, the Court has the authority to consider an untimely motion for summary judgment "when doing so is 'consistent with the interests of judicial economy.'" *Wood v. Fla. Atlantic Univ. Bd. of Trustees*, 432 F. App'x 812, 816 (11th Cir. 2011) (quoting *Thomas v. Kroger Co.*, 24 F.3d 147, 149 (11th Cir. 1994)); *see also Newsome v. Chatham Cnty. Detention Center*, 256 F. App'x 342, 345 (11th Cir. 2007) ("District courts enjoy broad discretion in deciding how best to manage the cases before them, and that discretion extends to whether to consider untimely motions for summary judgment.") (cleaned up).

Here, Defendants have shown neither good cause for their failure to timely file a motion for summary judgment nor interests of judicial economy in favor of

allowing them to file an out-of-time motion.  The fact that Defendants' current counsel did not discover the potential argument for a summary judgment motion until after the deadline in the scheduling order does not mean that the law and facts supporting that argument did not exist prior to the deadline or that they could not have been discovered by Defendants' former counsel with due diligence.  Indeed, Defendants have known since the outset of this case that Plaintiff was found guilty in a prison disciplinary hearing for his actions in the incidents giving rise to this suit and the Supreme Court held more than 25 years ago that the rule in *Heck* applies to prison disciplinary convictions.  *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997).  Thus, there is no reason that Defendants could not have raised that issue in a motion for summary judgment by the deadline in the scheduling order.

The Court did not overlook Defendants' argument that the Eleventh Circuit recently issued an opinion "elaborat[ing] on how *Heck* should be applied to prisoner cases." Doc. 54 at 3 (citing *Hall v. Merola*, -- F.4th --, 2023 WL 3486778 (11th Cir. May 17, 2023)).  However, that case did not break new legal ground, and it does not help Defendants in any event.[1]

---

[1] The determination of whether allowing a party to file a late motion for summary judgment would be "consistent with the interests of judicial economy" necessarily requires an assessment of the merits of the arguments that the party intends to raise in the motion because disposing a case short of trial through summary judgment serves judicial economy, but forcing the parties to brief— and the Court to review—a motion for summary judgment with a low likelihood of success does not.  This is especially true where, as here, consideration of the motion would likely delay the trial and the final disposition of the case.

The issue in *Hall* was whether an inmate's §1983 claims were barred under *Heck* because the inmate had been found guilty in a disciplinary proceeding of the conduct that precipitated the actions giving rise to his §1983 claims. The Eleventh Circuit held that the inmate's claims were not barred by *Heck* and, in so doing, the court reaffirmed that *Heck* only bars a subsequent civil action "where the allegation in the §1983 claim is a specific one that both necessarily implies the earlier decision is invalid *and* is necessary to the success of the §1983 suit itself." *Id.* at *7 (emphasis in original) (quoting *Dixon* v. Hodges, 887 F.3d 1235, 1239 (11th Cir. 2018)). Thus, "[w]hen a plaintiff alleges a fact that, if true, would conflict with the earlier punishment, but that fact is not necessary to the success of his §1983 suit, the *Heck* bar does not apply." *Id.* (quoting *Dixon*, 887 F.3d at 1239).

Here, the fact that Plaintiff received a disciplinary conviction for his involvement in the incidents giving rise to this case is not fatal to his claims. As explained in *Dixon* (and reaffirmed in *Hall*), "[a] prisoner may be punished for battery on a prison guard, and that prison guard may be held liable for excessive force on the prisoner in subduing him; both may be true." *Dixon*, 887 F.3d at 1238; *see also id.* at 1240 (explaining that *Heck* did not justify dismissal of inmate's excessive use of force claim, even where prisoner denied the findings of a disciplinary report concluding that he lunged at guard, because "it is logically possible both that [the prisoner] lunged at [the guard] and that [the guard] used

4

excessive force against [the prisoner]"). Thus, even where a §1983 plaintiff "denies the truth of a disciplinary conviction"—as Plaintiff apparently does here—"that doesn't mean that *Heck* bars the suit if … the validity or invalidity of [the] disciplinary conviction is irrelevant to whether the officers used excessive force against him." *Hall*, 2023 WL 3486778, at *7 n. 4.

## Conclusion

In sum, for the reasons stated above, it is **ORDERED** that Defendants' motion for leave to file an out-of-time motion for summary judgment (Doc. 54) is **DENIED**.

**DONE and ORDERED** this 30th day of May, 2023.

*/s/ T. Kent Wetherell, II*

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**