UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**,

    **Plaintiff**,

v.                                                                    Case No. 3:22cv4978-TKW-ZCB

**LT. SETTLEMYERS, et al.**,

    **Defendants**.
_____/

**ORDER SCHEDULING TRIAL AND PRETRIAL CONFERENCE
AND ESTABLISHING RELATED DEADLINES AND PROCEDURES**

This case is ready to be set for trial. Upon due consideration of the parties' notice of trial availability (Doc. 56) and pretrial statements, witness lists, and exhibit lists (Docs. 36, 37, 38, 45) it is **ORDERED** that:

1.    TRIAL

A.    This case is set for a jury trial on **October 30, 2023**, at **8:30 a.m. (central time)**, in the United States Courthouse, Courtroom 4 North, Pensacola, Florida.

B.    **Five days**, inclusive of jury selection, are reserved for trial,[1] but the parties are expected to use only so much of that time as is reasonably necessary to

---

[1] The Court did not overlook Plaintiff's position that the trial may take "anywhere from five (5) to fourteen (14) days," but 5 days should be more than sufficient for what appears to be a fairly straightforward he-said, she-said case. If necessary, the Court will establish time limitations for each party's case-in-chief at the pretrial conference to ensure that the trial is completed in the time allotted.

efficiently try the case.

2. PRETRIAL CONFERENCE

The pretrial conference is set for **September 29, 2023, at 1:00 p.m. (central time)** in the United States Courthouse, Courtroom 4 North, Pensacola, Florida. **Two hours** are reserved for the conference. The pretrial conference will be in person.

3. SETTLEMENT

A. The parties shall participate in a settlement conference before Magistrate Judge Zachary C. Bolitho on **September 29, 2023, at 9:00 a.m. (central time).**[2] Judge Bolitho will enter a separate order establishing procedures and deadlines for the settlement conference.

B. The parties shall immediately notify the Court if the case is settled.

C. Failure to notify the Court of a settlement by **noon (central time) on October 27, 2023**, will result in the parties bearing the cost of calling in the jury.

4. PRETRIAL SUBMISSIONS

A. The pleadings are merged into the previously submitted pretrial statements of fact, witness lists, and exhibit lists (Docs. 36, 37, 38, 45), and those

---

[2] The Court understands that the parties previously participated in an unsuccessful settlement conference with another magistrate judge and that they had an unsuccessful private mediation, but those settlement efforts occurred before Plaintiff's attorney withdrew and before the Court denied Defendants' motion to file an out-of-time motion for summary judgment. Now that the parties are facing the prospect of a week-long trial at which Plaintiff will be representing himself, it is in the interests of justice for the parties to make another good faith effort to resolve this case short of trial.

filings will control the course of the trial and will only be modified with the agreement of the parties or to prevent a manifest injustice. *See* Fed. R. Civ. P. 16(e); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999).

      B.    Motions in limine and other pretrial motions shall be filed on or before **September 15, 2023**, with responses due 7 days after the motion is filed to allow for consideration of the motions at or before the pretrial conference.

      C.    No later than **September 22, 2023**, the parties shall jointly file:

          i.    Proposed jury instructions and verdict forms, with any areas of disagreement noted.

          ii.    Proposed voir dire questions.

      D    The proposed jury instructions and verdict forms shall be filed <u>and</u> editable copies (in Microsoft Word format) shall be emailed to flnd_wetherell@flnd.uscourts.gov. The proposed instructions shall contain citations of supporting authorities; shall designate the party submitting the same; and in the case of multiple requests by a party, shall be numbered in sequence. Requests for instructions taken verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference and need not be set forth in full. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.

5.  CONDUCT OF THE PRETRIAL CONFERENCE

A. Defendants' counsel who will conduct the trial and Plaintiff are required to be present for the pretrial conference. They shall be prepared to act with final authority in the resolution of all matters.

B. The Court will ordinarily dispose of all motions in limine and other matters then at issue. The court will review all matters contained in the pretrial filings discussed in paragraph 4.A. and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

C. If necessary or advisable, the Court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

6.  FINAL PRETRIAL ORDER

A final pretrial order will be entered after the pretrial conference to memorialize the agreements reached and rulings made at the pretrial conference. After the final pretrial order is entered, it will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

7.  NEWLY DISCOVERED EVIDENCE OR WITNESSES

Except as provided in this paragraph, witnesses not timely listed in the parties' previously submitted witness lists will not be allowed to testify, and exhibits not timely listed in the previously submitted exhibit lists will not be admitted into evidence. If any new witness is discovered after entry of this Order, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel and parties notice of the witness's name and address and the substance of

the witness's proposed testimony, together with the reason for the late discovery. If any new exhibit is discovered after entry of this Order, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel and parties together with the reason for the late discovery. Use of such newly discovered witnesses or evidence shall be allowed only by order of the court in the furtherance of justice.

8. <u>OTHER MATTERS</u>

A. Attorneys shall familiarize themselves with the Court's evidence presentation system prior to the time of trial. Any questions about the system or other information technology matters should be directed to the Court's courtroom deputy clerk, Paula Cawby, at 850-470-8129 or paula_cawby@flnd.uscourts.gov.

B. Defendants' counsel shall arrange with the Court's courtroom deputy clerk for marking for identification all exhibits intended to be offered by the party as nearly as possible in the sequence proposed to be offered.

C. Should a party or a party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

D. The attorneys are expected to comply with the standards of professionalism in the American College of Trial Lawyers Code of Pretrial and Trial Conduct, which is available at the "attorneys" tab on the court's website.

**DONE and ORDERED** this 6th day of June, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**