UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,
    Plaintiff,

v.                                    Case No.:  3:22cv4978/TKW/ZCB

LT. SETTLEMYERS, et al.,
    Defendants.
_____/

## ORDER REGARDING SETTLEMENT CONFERENCE

The presiding U.S. District Judge has referred this case to the undersigned for a settlement conference to be held on September 29, 2023 at 9:00 a.m. (central time). (Doc. 57 at 2).  The conference will be held in Courtroom 3 South, United States District Courthouse, 1 North Palafox Street, Pensacola, Florida.  It will conclude before the pretrial conference set for 1:00 p.m. before the U.S. District Judge on the same day.

**Required participants.**  Each party must be represented—in person—by the following required participants: (1) counsel who is/are familiar with the case, if a party is represented by an attorney; (2) the party and/or decisionmaker of the party, who must have full authority to act on behalf of the party, including the authority to negotiate a resolution of the matter and to respond to the developments during the

1

settlement process; and (3) if a party is insured, a representative with full authority to make settlement decisions.[1]

**"Full Authority" Defined**.  "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement.  It is not just settlement authority to make an offer or to accept an amount.  These requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

**Mandatory Negotiation Prior to the Settlement Conference.**  Settlement conferences often are unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  Therefore, **before the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the Court.**  At a minimum, specific proposals and counterproposals shall be exchanged before the conference, even if such proposals were exchanged previously.

---

[1] Failure to comply with the attendance provisions of this order may result in an award of costs and fees incurred by the other party in connection with the conference or the imposition of other appropriate sanctions.

**Communication with the Court if Settlement is Reached.** If the parties should arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the Court by filing a joint notice of settlement. The undersigned would then cancel the settlement conference.

**Confidential Settlement Statements.** On or before September 15, 2023, each party shall provide to the chambers of the undersigned a confidential settlement statement. The confidential settlement statement should not exceed five (5) pages. Plaintiff and Defendants shall submit their respective confidential settlement statements to Hannah_Wallace@flnd.uscourts.gov or by mail to:

> The Honorable Zachary C. Bolitho
> Attn: Hannah Wallace
> U.S. Courthouse
> 1 N Palafox St.
> Pensacola, FL 32502

The parties **SHALL NOT** file the confidential settlement statements with the Clerk of Court or serve it upon opposing counsel, as the statements will not become a part of the file of this case and will be for the exclusive use of the undersigned in preparing for and conducting the conference.

**Contents of the Confidential Settlement Statements.** Each confidential settlement statement shall contain:

(1) a brief description of all remaining claims and the applicable law and defenses;

(2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) a brief description of the relief that may be afforded to the prevailing party at trial (i.e., the nature and extent of damages, entitlement to attorney's fees);

(4) an estimate of attorney's fees and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counterproposals (any inconsistencies between the parties' outlines in this regard will be settled in open court at the commencement of the conference; thus, the parties may wish to confer with each other before submitting their outlines to ensure that the outlines are the same with respect to prior settlement negotiations); and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not be lengthy, but they should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

**Confidentiality of the Settlement Conference.** The settlement conference will be conducted in such a manner as not to prejudice any party in the event

settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the presiding U.S. District Judge.

**Structure of the Settlement Conference.** At the conference, the undersigned will briefly address the parties jointly in open court. Thereafter, separate, confidential caucuses will be held with each party and the party's representative(s). The conference will end when settlement is reached or when the undersigned concludes that further negotiation would be unlikely to result in settlement.

**Memorialization of any Settlement Agreement.** If settlement is reached, the Court will either activate a recording device so that the parties may place the terms of their settlement on the record or it will ask the parties to memorialize the terms of the agreement in writing. If the Court requests a written agreement, the undersigned will retain the written agreement in his chambers. Thereafter, the undersigned will file a Settlement Conference Report, which will indicate the result of the settlement conference.

**SO ORDERED** this 7th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge