IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**
**DOC # L81379**,

    Plaintiff,

v.                                  Case No. 3:22-CV-4978-TKW/ZCB

**SETTLEMIRES, ET AL.**,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Smith**, **Settlemires**, **White**, **Kosanovich**, **Simmons**, and **Neel** ("Defendants"), by and through undersigned counsel, hereby respectfully move this Court to grant their Motion to Dismiss for Lack of Subject Matter. As grounds, Defendants state:

### STATEMENT OF FACTS

On June 5, 2018, Plaintiff was being placed into his cell after having just attended a medical callout. (Defendants' Exhibits A, B). When he was placed into his cell, Defendants began to take off Plaintiff's restraints, and while doing so, Plaintiff grabbed hold of Defendant Kosnovich's arm. (Defendants' Exhibits A, B). Based on Plaintiff's grabbing Defendant Kosnovich's arm, force was utilized to break Plaintiff's grasp. (Defendants' Exhibits A, B). Plaintiff let go in response to

1

the use of force, but then attempted to grab Defendant Neel's arm, and to break Plaintiff's grasp, additional force was utilized. (Defendants' Exhibits A, B). Plaintiff eventually let go in response to the use of force. (Defendants' Exhibits A, B). After the second use of force, Plaintiff's cuffs were removed, and Defendants had no further interaction with Plaintiff. (Defendants' Exhibits A, B).

After the incident, Plaintiff was given a Disciplinary Report ("DR") for battery on an officer. (Defendants' Exhibit A). Plaintiff lost twenty-four (24) days of gain time as a result of the DR. *Id*.

On April 9, 2022, Plaintiff filed his complaint in this Court. The complaint was filed by an attorney representing Plaintiff, and alleged that Defendants utilized excessive force on him for no reason on June 5, 2018.[1] *See* (Doc. 1).

On, May 24, 2023, Defendants filed a Motion for Leave to file an out-of-time Motion for Summary Judgment based on a newly issued 11th Circuit case. (Doc. 54). This Court denied that Motion, (Doc. 55), and instead set this case for trial. (Doc. 57). Trial in this case is currently set for October 30, 2023. *Id*.

---

[1] There is an additional allegation related to a June 10, 2018, incident, but this Motion does not address that incident, and is only related to the June 5, 2018, incident.

## **MEMORANDUM OF LAW**

Under the Federal Rules of Civil Procedure, parties are entitled to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction and claims for lack of subject matter jurisdiction are not waivable under the rules. Fed. R. Civ. P. 12(b)(1). *See also* Fed. R. Civ. P. 12(h)(1)(A). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). The defense of a *Heck*-bar is properly raised on a motion to dismiss for lack of subject matter jurisdiction. *Dixon v. Hodges*, 887 F, 3d 1235, 1237 (11th Cir. 2018).

As the matter of a *Heck* bar is a factual attack on a complaint based on a lack of subject matter jurisdiction, this Court may consider documents and facts outside of the four-corners of the complaint. *Lawrence v. Dunbar*, 919 F. 2d 1525, 1528-29 (11th Cir. 1990).

In *Heck*, the Supreme Court held that actions brought under 42 U.S.C. § 1983 are barred when the allegations thereof necessarily challenge the validity of a conviction. There, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. If such a § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. *Id*. at 487. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Supreme Court also applied the *Heck* analysis to claims made by prisoners challenging prison disciplinary actions involving the loss of good time credit. *See Edwards v. Balisok*, 520 U.S. 641 (1997). Since, the Supreme Court reiterated that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005) (emphasis retained). Plainly stated, where an inmate has lost gain time due to a DR, he may not pursue a civil rights action under 42 U.S.C. § 1983 if success in that civil rights action would necessarily imply the invalidity of the DR. For the civil rights action to be viable, Plaintiff must first overturn the DR. The "relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead

4

whether the § 1983 claims call into question the validity of the deprivation of those credits." *Richards v. Dickens*, 411 F. App'x 276, 279 (11th Cir. 2011) (unreported op.).

However, for *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory. *Dixon*, 887 F. 3d at 1239; *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007). More specifically, *Heck* would bar an allegation in a § 1983 complaint that is specific and both necessarily implies the earlier decision is invalid *and* is necessary to the success of the § 1983 suit itself. *Dixon*, 887 F. 3d at 1239.

Recently, the 11th Circuit issued an opinion that clarified the way that *Heck* works in the context of a case brought by a prisoner and that prisoner lost gain time because of the incident. *See Hall v. Merola*, 67 F. 4th 1282 (11th Cir. 2023). In *Hall*, the court stressed the fact that the court "consider whether the fact is 'necessary' to the success of the § 1983 suit itself." *Hall*, 67 F. 4th at 1292. The court went on to describe that if the suit itself could be successful if the fact were admitted, then the case would not be *Heck* barred. *Id. See also Id*. at FN 4 ("The point is this: a factual allegation that denies the truth of a disciplinary conviction doesn't mean that *Heck* bars the suit, if – as is the case here – the plaintiff could succeed if he or she admitted the truth of the disciplinary conviction.").

In this case, Plaintiff's allegations related to the June 5, 2018, incident, as written by an attorney on his behalf,[2] are that excessive force was used on Plaintiff for no reason. (Doc. 1 at ¶¶ 10-11) ("While removing Plaintiff's restraints through the cuffing portal with no provocation from Plaintiff, Officer Simmons and Kosnovich started twisting and pulling Plaintiff's arms violently."). In making this allegation, Plaintiff leaves out one very important key fact: he received a disciplinary report ("DR") for battery on an officer, which he was convicted of, and lost gain time for. (Defendants' Exhibit A). The disciplinary report, written by Defendant Neel, reads,

> Inmate Hamze, Abdelaziz DC# L81379 is being charged with a violation of chapter 33-601.314 rules of prohibited conduct 1-15: Battery or Attempted Battery on a Correction Officer. On June 5, 2018, I was assigned as a Q-Dormitory Special Hosing Officer. At approximately 8:22 AM, I was present at cell Q2115S, as Officer T. Simmons was removing restraints from inmate Hamze. Inmate Hamze grabbed officer G. Kosnovich's left arm causing minor injury. Reactionary physical force was necessary to free officer Kosanovich's wrist. Inmate Hamze then grabbed by right hand, pulled my right hand into his cell. Inmate Hamze utilized his personal bodyweight in an attempt to break my right arm. Force was again utilized to free my right hand. Inmate Hamze's battery resulted in injury and resulted in me requiring outside medical treatment. The shift supervisor was notified and authorized this report. Inmate Hamze will remain in his current status pending disciplinary team action.

---

[2] Based on this fact, there is no degree of *pro se* liberality which attaches to Plaintiff's Complaint.

*Id*. After Plaintiff was given a hearing by the disciplinary team, Plaintiff was determined to be guilty of the charged DR and Plaintiff lost twenty-four (24) days of gain time. *Id*. Unlike in *Hall*, the actions by the officers are the **direct result** of Plaintiff's actions, *see* (Defendants' Exhibits A, B), and can result in a bar if Plaintiff's claim cannot succeed based on the admission of this fact. *See Hall*, 67 F. 4th at 1292.

In analyzing Plaintiff's claims, the admission of the facts within Plaintiff's DR are fatal to his claims. First, officers are authorized to utilize force under Florida Law to protect themselves, other officers, to quell a disturbance, or to overcome physical resistance to a lawful command. *See* § 944.35(1)(a), Fla. Stat. (2023); Fla. Admin. Code R. 33-602.210. Likewise, even if they were not officers and were normal citizens, the common law and statutory doctrines of self-defense and defense of others would be applicable to the officers. *See* § 776.012, Fla. Stat. (2023). Defendants would also be entitled to dismissal of the claims based on a defense of Qualified Immunity.[3] The facts implicated by the admission of the accuracy and truthfulness of the disciplinary report – which Plaintiff **cannot** contest – necessarily demonstrate that his claim must fail. As a result, Plaintiff's claims related to the June 5, 2018, incident should be barred by *Heck*.

---

[3] Defendants intend to continue to pursue this Affirmative Defense, and the affirmative defense of self-defense at trial.

## **CONCLUSION**

**WHEREFORE**, Defendants request that this Court grant Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismiss Plaintiff's June 5, 2018, claim.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3300
Facsimile: (850)488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction* was electronically filed with the Clerk of Court using CM/ECF on July 9, 2023, and furnished by U. S. Mail to: Abdelaziz Hamze, DC# L81379, Northwest Florida Reception Center, Main Unit, 4455 Same Mitchell Drive, Chipley, Florida 32428-3501, on July 9, 2023.

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I certify that the above Motion and memorandum totals **1,659** words and does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829