UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.                                      Case No. 3:22cv4978-TKW-ZCB

LT. SETTLEMYERS, et al.,

    Defendants.

_____/

## **ORDER DENYING MOTION TO DISMISS**

This case is before the Court based on Defendants' motion to dismiss for lack of subject-matter jurisdiction (Doc. 68). No response is necessary.

The motion argues that the Court lacks subject-matter jurisdiction over the claims that are based on the June 5, 2018, incident under *Heck v. Humphrey*, 517 U.S. 477 (1994). The motion is essentially a repackaging of the argument that Defendants sought to make in an untimely motion for summary judgment. *See* Doc. 54. However, because *Heck* implicates the Court's subject-matter jurisdiction, *see Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018), and an alleged lack of subject-matter jurisdiction can be raised at any time, the Court will address the motion on its merits.

The argument in the motion is no more persuasive now than it was when the Court denied Defendants' leave to raise the argument in the untimely motion for

summary judgment. As the Court explained in the order denying that motion, the disciplinary report received by Plaintiff for the June 5 incident does not necessarily bar his claim under *Heck* because "[a] prisoner may be punished for battery on a prison guard, and that prison guard may be held liable for excessive force on the prisoner in subduing him; both may be true." Doc. 55 at 4 (quoting *Dixon*, 887 F.3d at 1238); *see generally Dixon*, 877 F.3d 1235 (rejecting an argument nearly identical to Defendants' on a motion to dismiss). It will be up to the jury to decide whether the force used by Defendants in subduing Plaintiff was excessive or justified based on the resistance described in the disciplinary report.[1]

Accordingly, it is **ORDERED** that Defendants' motion to dismiss for lack of subject-matter jurisdiction (Doc. 68) is **DENIED**.

**DONE and ORDERED** this 10th day of July, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants have separately filed a motion in limine (Doc. 69) seeking to preclude Plaintiff from presenting evidence at trial contradicting the findings in the disciplinary report or suggesting that the forced used on him on June 5 was unprovoked or unauthorized from the outset. That motion remains under advisement and will be ruled on in due course, after Plaintiff has an opportunity to respond.