UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

    Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

### PLAINTIFF'S RESPONSE[1] IN OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE

Defendants move in limine to exclude Plaintiff from testifying as to his version of the events in a third attempt[2] to bar Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons below, the Court

---

[1] Then *pro se* Plaintiff filed a brief response to the motion in limine and for an extension of time to provide a substantive response due to lack of access to the prison law library. (Docs. 71 & 72). Now, with the benefit of counsel, Plaintiff asks that the Court consider this substantive response instead of Plaintiff's *pro se* response docketed today.

[2] Defendants also filed a motion for leave to move for summary judgment out of time and a motion to dismiss for lack of jurisdiction, both of which the Court denied. (Docs. 54-55, 68, 70). In so denying Defendants' second attempt to bar Plaintiff's claims under *Heck*, the Court ruled that it would be "up to the jury to decide whether the force used by Defendants in subduing Plaintiff was excessive or justified based on the resistance described in the disciplinary report." (Doc. 70 at 2).

should (1) permit Plaintiff to testify to his version of the events and (2) find that Defendants have waived their *Heck*-bar arguments.[3]

## I. BACKGROUND

Plaintiff Abdelaziz Hamze is a state prisoner who claims that the Defendants, all correctional officers then employed at Santa Rosa Correctional Institution, violated his rights under the Eighth Amendment and Florida law when they attacked him twice in June 2018—first breaking a bone in his left forearm, and then days later breaking a second bone in that forearm. (*See, generally*, Doc. 1).

Plaintiff sued Defendants in this Court, and Defendants filed an answer raising qualified immunity as their only affirmative defense. (Doc. 17). After the close of discovery, neither party moved for summary judgment.

When the Court directed the parties to propose trial dates, Defendants filed a motion for leave to file an out-of-time summary judgment motion, arguing that Plaintiff's claim should be *Heck*-barred under recent authority from the Eleventh Circuit. (Doc. 54). The Court denied that motion. (Doc. 55). Then Defendants moved to dismiss for lack of subject

---

[3] Plaintiff is cognizant that the Court has previously determined that *Heck* is jurisdictional. Nevertheless, Plaintiff respectfully submits argument as to why *Heck* should be considered a waivable defense in this instance.

matter jurisdiction, arguing again that Plaintiff's claims were *Heck*-barred, and submitting the disciplinary report and use of force report from June 5, 2018. (Doc. 69). The Court again denied Defendants' attempt to foreclose Plaintiff's claims under *Heck*, explaining that whether some or all of Plaintiff's claims were *Heck*-barred was for the jury to resolve. (Doc. 70). On the same day that Defendants moved to dismiss, they also filed this motion to preclude Plaintiff's testimony to the extent that it would contradict the findings in the June 5 disciplinary report. As explained below, Defendants' motion should be denied.

## II.  ARGUMENT

It is well-settled that federal trial courts have the inherent power to make in limine evidentiary rulings pursuant to their authority to manage the course of trials. *See, e.g., Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). The general purpose of a motion in limine "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-21404, 2009 WL 2208166, at *1 (S.D. Fla. 2009).

### A. Defendants have waived their *Heck* argument.

As a threshold issue, Defendants have not raised *Heck* as an affirmative defense to Plaintiff's complaint. (Doc. 17) (raising only qualified immunity). While the Eleventh Circuit has not decided whether the *Heck*-bar operates as an affirmative defense, other circuits have treated *Heck* as an affirmative defense subject to waiver. *Topa v. Melendez*, 739 F. App'x 516, 518 (11th Cir. 2018) (collecting cases from the Fifth, Seventh, Ninth and Tenth Circuits for this proposition). For example, in *Washington v. Los Angeles Cty. Sheriff's Dep't*, the Ninth Circuit held that "compliance with *Heck* most closely resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an affirmative defense and not a pleading requirement." 833 F.3d 1048, 1056 (9th Cir. 2016). According to the panel in *Topa*, however, some courts have taken the "minority view" that *Heck* is jurisdictional. 739 F. App'x at 518 n.1 (citing *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018) (per curiam)). More recently, however, in a published decision, a panel of the Eleventh Circuit referenced—but did not hold—that the Supreme Court's language in *Heck* suggested that it was not jurisdictional. *Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020).

Since *Topa* and *Teagan*, at least one court in this Circuit has held that a defendant can waive the *Heck*-bar argument. *Sears v. Thomas*, No. 16-14500-CV, 2020 WL 7635924, at *2 (S.D. Fla. Feb. 26, 2020). In *Sears*, the court ruled that the defendants' delay in raising *Heck* amounted to waiver. *Id.* at *2–3; *see also Ford v. Lebowitz*, No. 18-25144-CV, 2020 WL 6037230, at *2 (S.D. Fla. July 1, 2020), report and recommendation adopted, No. 18-CV-25144-CIV, 2020 WL 4218104 (S.D. Fla. July 23, 2020) ("Eleventh Circuit has cast doubts on whether" *Heck* is "a defense of subject matter jurisdiction").

Although the Court relied on *Dixon* in determining that *Heck* was jurisdictional in its Order denying Defendants' Motion to Dismiss (Doc. 70 at 1), given Defendants' failure to timely raise the *Heck*-bar in their answer, Plaintiff asserts that they have waived that argument for purposes of their First Motion in Limine and for trial. (*See id.*) ("Indeed, Defendants have known since the outset of this case that Plaintiff was found guilty in a prison disciplinary hearing for his actions in the incidents giving rise to this suit and the Supreme Court held more than 25 years ago that the rule in *Heck* applies to prison disciplinary convictions. Thus, there is no reason that Defendants could not have raised that issue in a motion for summary judgment by the deadline in the scheduling order.") (citation omitted).

## B. Even if Defendants could raise *Heck*, the Court is correct that the competing contentions are for the jury to weigh.

As the Court ruled in denying Defendants' motion to dismiss and their motion for leave to file an out-of-time motion for summary judgment, it will be up to the jury to decide "whether the force used by Defendants in subduing Plaintiff was excessive or justified based on the resistance in the disciplinary report." (Doc. 70 at 2). Even if part of Plaintiff's claim were foreclosed under *Heck*—precluding Plaintiff from collaterally attacking the June 5 disciplinary report—Plaintiff should still be allowed to introduce evidence and provide factual background as to his version of the events. *Landsman v. City of Vero Beach*, No. 13-14375-CIV, 2015 WL 10960961, at *2 (S.D. Fla. Oct. 21, 2015) (denying a motion in limine to the extent that the plaintiff sought to introduce evidence to explain her version of what happened on the night of the arrest).

Although the Eleventh Circuit has not expressly spoken on this issue, courts have routinely concluded that *Heck* is not an evidentiary rule. *Melton v. Murphy*, CIV.A.05-366, 2008 WL 2697333, at *2 (E.D. Pa. July 9, 2008), *aff'd in part* sub nom. *Melton v. City of Philadelphia*, 344 Fed. Appx. 806 (3d Cir. 2009) (although the plaintiff was precluded from collaterally attacking her conviction, she was "still entitled to tell the jury the entire story"); *Simpson v. Thomas*, 528 F.3d 685, 696 (9th Cir. 2008) ("We

6

conclude that even if the district court determines on remand that Simpson may not file a § 1983 lawsuit relating to any injuries stemming from Thomas's alleged punch upon entering the cell, Simpson is still entitled to tell the jury the entire story"); *Hackworth v. Rangel*, 482 F. App'x 299 (9th Cir. 2012) ("*Heck* is not an evidentiary doctrine" and therefore "cannot bar evidence in a § 1983 action"); *Marks v. Smith*, CV 15-5454, 2017 WL 2214977, at *2 (E.D. La. May 18, 2017) (same); *but see Shapard v. Attea*, 710 F. App'x 15, 17–18 (2d Cir. 2017) (summary order) (citing *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008).

    In *Simpson*, for example, the Ninth Circuit concluded "that *Heck* does not create a rule of evidence exclusion." 528 F.3d at 691. In reaching this conclusion, the court noted that the *Heck* doctrine grew out of an effort to reconcile section 1983 with 28 U.S.C. § 2254 (application for writ of habeas corpus). "[T]he Supreme Court's intent in announcing the rule in *Heck* was to prevent prisoners from subverting the requirements of § 2254 by filing suit under § 1983." *Id.* at 695. Accordingly, the application of *Heck* focuses only on whether a claim is viable, not on whether a particular piece of evidence is admissible. *Id.*; *see Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) (jury free to believe or disbelieve the plaintiff's version of facts; the former precluding a *Heck* bar); *cf. Gilbert*, 512 F.3d 899 (trial

7

court erred in preventing prisoner from testifying about his version of the events, but suggesting the trial court should instruct the jury on any facts that suggest invalidity of the disciplinary report).[4]

Here, Defendants do not offer any compelling legal authority demonstrating why *Heck* should instead operate as an evidentiary bar. In their motion in limine, Defendants accurately state that *Heck* precludes <u>claims</u> that would imply the invalidity of a conviction or sentence. (*See generally*, Doc. 69 at 4–6). But they make no argument or provide any authority to suggest that *Heck* should preclude Plaintiff from telling his version of the events. Instead, Defendants largely focus their argument on the recent panel decision in *Hall v. Merola*, 67 F.4th 1282 (11th Cir. 2023) to suggest that the Eleventh Circuit has "clarified the way that *Heck* works in [this] context." (Doc. 69 at 5). But as the Court has already explained, "that case did not break new legal ground, and it does not help Defendants in any event." (Doc. 55 at 3). All *Hall* has done is reaffirm that *Heck* only bars <u>civil actions</u> "where the allegation in the §1983 claim is a specific one that both necessarily implies the earlier decision is invalid and is necessary

---

[4] Defendants do not raise *Gilbert* or any other case for the proposition that the Court should issue an instruction on *Heck* while also allowing Plaintiff to tell his side of the story. Even if they did, the rationale in *Gilbert* and *Shapard*—neither of which are binding or persuasive—would not be apply in this instance where the Court has already determined that *Heck* is a question for the jury.

to the success of the §1983 suit itself." 67 F.4th at 1292 (quoting *Dixon*, 887 F.3d at 1239). As the Court stated in denying Defendants' motion for leave to file an out-of-time summary judgment motion, "even where a §1983 plaintiff 'denies the truth of a disciplinary conviction'—as Plaintiff apparently does here—'that doesn't mean that *Heck* bars the suit if … the validity or invalidity of [the] disciplinary conviction is irrelevant to whether the officers used excessive force against him.'" (Doc. 55 at 5) (quoting *Hall*, 67 F.4th at 1293 n.4).

Again, Defendants' real issue is their repeated contention—which the Court has already dismissed—that Plaintiff's claim is *Heck*-barred. But this is a motion to exclude evidence, and Defendants have not carried their burden with relevant legal authority to support their argument that *Heck* should operate as an evidentiary bar or even that the facts or circumstances here warrant a limiting instruction. Instead, without any citation to authority to that point, Defendants state that Plaintiff "should not be allowed to argue that the use of force was unauthorized or inappropriate from the outset. To allow Plaintiff to do otherwise would necessarily implicate the validity of the factual findings within the [disciplinary report] that Plaintiff attacked Defendants first, . . ." (Doc. 55 at 8–9). But assuming Defendants have not waived the application of the *Heck* bar by failing to

9

assert it as an affirmative defense or otherwise timely address it in these proceedings, "[i]t will be up to the jury to decide whether the force used by Defendants in subduing Plaintiff was excessive or justified based on the resistance described in the disciplinary report." (Doc. 70 at 2). As explained in *Dixon*, "[a] prisoner may be punished for battery on a prison guard, and that prison guard may be held liable for excessive force on the prisoner in subduing him; both may be true." *Dixon*, 887 F.3d at 1238. And as argued here, courts have routinely found that *Heck*'s purpose is to preclude claims, not to preclude a plaintiff from telling his version of the events. Defendants can certainly introduce the disciplinary reports—the rules of evidence permitting—to challenge that version. And the jury will weigh the evidence. Nothing in *Hall* suggests that Plaintiff cannot tell his version of the events.

      Finally, Defendants cite a recent decision in *Jones v. Schwarz* (Doc. 69 at 9)—which Plaintiff's counsel is aware of because they represent Mr. Jones in that proceeding. But there the court merely ruled that part of Mr. Jones's claim was *Heck*-barred (a challenge to the propriety of the initial use of force). There has been no ruling in that case on the presentation of evidence and whether Mr. Jones can or cannot give his version of events. In fact, Defendants do not raise that case to suggest that Plaintiff should be limited in his testimony, but that the Court adopt the "limitation[s]" of the

10

ruling in that case—essentially that the Court should reconsider its previous rulings denying Defendants motion for leave and motion to dismiss and bar Plaintiff's claim at least in part. The Court should not entertain Defendants' third attempt to argue the *Heck* bar after failing to timely raise it as a defense, particularly because they have not explained how the Court's well-reasoned decisions are "clearly erroneous and would work manifest injustice." *Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir. 2000).

### III. CONCLUSION

For all these reasons, Plaintiff Abdelaziz Hamze respectfully requests that the Court deny Defendants First Motion in Limine and find that Defendants have waived the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) in this case. (Doc. 69).

Dated: July 19, 2023.

          Respectfully submitted,

          */s/ James M. Slater*
          James M. Slater (FBN 111779)
          Slater Legal PLLC
          113 S. Monroe Street
          Tallahassee, FL 32302
          Tel: (305) 523-9023
          james@slater.legal

          -and-

>*/s/ Joshua Tarjan*
>Joshua Tarjan (FBN 107092)
>The Tarjan Law Firm P.A.
>12372 SW 82 Avenue
>Pinecrest, FL 33156
>josh@tarjanlawfirm.com
>Tel. (305) 423-8747
>
>*Attorneys for Plaintiff*

## Certificate of Compliance with Local Rule 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 2,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

>By: */s/ James M. Slater*
>James M. Slater