UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

    Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

### *UNOPPOSED* MOTION FOR LEAVE TO FILE PETITION AND SUPPORTING DOCUMENTS UNDER SEAL

Plaintiff's counsel, James M. Slater of Slater Legal PLLC ("Slater") and Joshua Tarjan of The Tarjan Law Firm P.A. ("Tarjan"), move this Honorable Court for leave to permit them to file (i) their Verified Petition To Approve Attorney Fee Contract In Accordance With The Rules Regulating The Florida Bar, and their supporting (ii) Attorney Co-Counsel Agreement, (iii) Attorney-Client Engagement Agreement, and (iv) Statement of Client's Rights for Contingency Fees, and state as follows:

## I. BACKGROUND

1. On July 25, 2023, Slater and Tarjan, separate law firms, executed an attorney-client retainer agreement with Plaintiff Abdelaziz Hamze, a state prisoner currently residing at Northwest Florida Reception Center.

2. On July 25, 2023, Slater and Tarjan executed a Co-Counsel Agreement in which they jointly agreed to represent Mr. Hamze in the above-captioned matter and stated their intent to divide attorney's fees such that the allocation would deviate from the 75%-25% fee limitation of rule 4-1.5(f)(4)(D), Rules Regulating the Florida Bar.

## II. ARGUMENT

3. Rule 4-1.5(f)(4)(D) requires lawyers not in the same firm to divide a contingency fee involving personal injury such that the lawyer assuming primary responsibility for the legal services receives a minimum of 75% of the total fee and the lawyer assuming secondary responsibility receives a maximum of 25%. Rule (f)(4)(D)(iii) provides that the 25% limitation will not apply to those cases in which 2 or more lawyers or firms accept substantially equal active participation in the providing of legal services, and that in those circumstances counsel must apply to a court for authorization of a fee division in excess of 25%.

4. Plaintiff's attorneys have prepared a petition to apply to this Honorable Court for judicial approval of their co-counsel fee agreement under Rule 4–1.5(f)(4)(D)(iii), entitled Verified Petition To Approve Attorney Fee Contract In Accordance With The Rules Regulating The Florida Bar ("Verified Petition").

5. "The application for authorization of the contract may be filed as a separate proceeding before suit or simultaneously with the filing of a complaint, or within 10 days of execution of a contract for division of fees when new counsel is engaged. Proceedings on these applications may occur before service of process on any party <u>and this aspect of the file may be sealed</u>." *Id*. (emphasis added). *See, e.g., Navelski v. Int'l Paper Co.*, 3:14CV445/MCR/CJK, 2015 WL 13652759, at *2 (N.D. Fla. Jan. 8, 2015) (petition by separate law firms to divide fees and their motion to seal petition granted).

6. As contemplated by Rule 4–1.5(f)(4)(D)(iii), Rules Regulating the Florida Bar, the engagement agreement between the attorneys and their client, the Statement of Client's Rights for Contingency Fees, and the agreement to divide the fees among the attorneys are confidential and should not be disclosed to the Defendants, or subject to public review.

7. Wherefore the attorneys petition to seal the documents (i.e., aspects) related to their application for authorization of their co-counsel contract: the Verified Petition, Attorney Co-Counsel Agreement, Attorney-Client Engagement Agreement, and Statement of Client's Rights for Contingency Fees.

## III.   CONCLUSION

For all these reasons, Plaintiff's attorneys respectfully request that the Court grant this Unopposed Motion and permit Plaintiff's counsel to file the Verified Petition and supporting documents under seal.

Dated: July 27, 2023.

> */s/ James M. Slater*
> James M. Slater (FBN 111779)
> Slater Legal PLLC
> 113 S. Monroe Street
> Tallahassee, FL 32302
> Tel: (305) 523-9023
> james@slater.legal
>
> -and-
>
> */s/ Joshua Tarjan*
> Joshua Tarjan (FBN 107092)
> The Tarjan Law Firm P.A.
> 12372 SW 82 Avenue
> Pinecrest, FL 33156
> josh@tarjanlawfirm.com
> Tel. (305) 423-8747
>
> *Attorneys for Plaintiff*

4

## Local Rule 7.1(C) Certification

I hereby certify that I conferred with Erik Kverne, counsel for Defendants, by email. Mr. Kverne stated by email on July 27, 2023 that Defendants do not oppose the relief requested herein.

By: */s/ James M. Slater*
James M. Slater

## Certificate of Compliance with Local Rule 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 550 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James Slater*
James Slater

## Certificate of Service

I hereby certify that on July 27, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater