UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**,

    **Plaintiff**,

v.                                 Case No. 3:22cv4978-TKW-ZCB

**LT. SETTLEMYERS, et al.**,

    **Defendants**.

_____/

## ORDER DENYING MOTION IN LIMINE

This case is before the Court based on Defendants' motion in limine (Doc. 69). No hearing is needed to rule on the motion, and upon due consideration of the motion and Plaintiff's response in opposition (Doc. 72),[1] the Court finds that the motion is due to be denied.

The motion in limine is the third time Defendants have sought relief in this case based on *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Defendants previously argued (twice) that *Heck* bars this suit, at least insofar as it is based on the June 5, 2018, incident for which Plaintiff received a prison disciplinary report. Defendants

---

[1] The Court disregarded the pro se response filed by Plaintiff (Doc. 71) in light of the response filed by his newly retained counsel.

[2] *Heck* involved a collateral attack on a criminal conviction through a suit under 42 U.S.C. §1983, but its rationale has been extended to §1983 suits collaterally attacking prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997).

now argue that, based on *Heck*, Plaintiff should be precluded from offering any evidence at trial that conflicts with the findings in the disciplinary report.

The Court denied Defendants' first two *Heck*-based motions. *See* Doc. 55 (denying Defendant's motion for leave to file out-of-time motion for summary judgment); Doc. 70 (denying Defendant's motion to dismiss). The third time is not the charm for Defendants.

Defendants argue that *Heck* precludes Plaintiff from calling into question the findings in the disciplinary report by presenting testimony or evidence that is inconsistent with those findings. Plaintiff responds that Defendant's argument is untimely because the *Heck* rule is an affirmative defense that is waived if not raised in the initial pleadings, and in any event, *Heck* is not an evidentiary doctrine that can be used to limit or exclude otherwise admissible evidence. The Court agrees with Plaintiff on the latter point.[3]

The purpose of the *Heck* rule is to prevent a criminal defendant from collaterally attacking his conviction (or disciplinary action) through a proceeding other than a direct appeal or a habeas petition. Here, no matter how Plaintiff testifies or what evidence he presents, a verdict in his favor in this case will not have any

---

[3] The Court previously suggested that *Heck* is a jurisdictional rule that can be raised at any time, *see* Doc. 70 at 1 (citing *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018)), but the Court recognizes that the Eleventh Circuit stated in a post-*Dixon* opinion that it has not definitively resolved that issue. *See Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020) ("[S]ome of our sister circuits have concluded that *Heck* is an affirmative defense and not a jurisdictional rule. We have not definitively answered that question.") (internal citations omitted)).

impact on the continuing validity of his disciplinary report, and as the Court previously explained, a verdict in favor of Plaintiff would not necessarily be inconsistent with the disciplinary report. *See* Doc. 70 at 2 ("[A] prisoner may be punished for battery on a prison guard, and that prison guard may be held liable for excessive force on the prisoner in subduing him; both may be true." (quoting *Dixon*, 887 F.3d at 1238)).

The Eleventh Circuit has not addressed the question of whether *Heck* limits the evidence that can be presented at trial, but the majority rule appears to be that *Heck* is not an evidentiary doctrine. *See Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008) ("[A]ll of [the *Heck* line of] cases discuss whether a claim itself is viable, not whether evidence is admissible…. [W]e hold that *Heck* is not an evidentiary doctrine."); *Moore v. Colon*, 2023 WL 2675072, at *9 (D.N.J. Mar. 29, 2023) (similar); *Diggs v. Guynup*, 621 F. Supp. 3d 315, 324 (N.D.N.Y. 2022) (similar); *Rochell v. Ross*, 2021 WL 4243404, at *4 (W.D. Ark. Sept. 16, 2021) (similar); *Marks v. Smith*, 2017 WL 2214977, at *2 (E.D. La. May 18, 2017) (similar); *Melton v. Murphy*, 2008 WL 2697333, at *2 (E.D. Pa. July 9, 2008) (similar), *aff'd in part sub nom. Melton v. City of Phila.*, 344 Fed. App'x 806 (3d Cir. 2009).[4] The Court

---

[4] *But see Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (holding that *Heck* mandates an instruction to the jury at trial that the facts as found in the prison disciplinary report are established and that any evidence presented to the contrary should be ignored).

agrees with the reasoning in these cases and finds that *Heck* cannot be used to bar evidence from being introduced at trial.[5]

The Court did not overlook Defendants' reliance on *Jones v. Schwarz*, 2021 WL 1201675 (N.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, 2021 WL 1196463 (N.D. Fla. Mar. 29, 2021).  The court in that case concluded that *Heck* precludes a prisoner from establishing an excessive use of force claim based on an alleged unprovoked use of force when a prison disciplinary report found that the prisoner did in fact provoke the use of force, but *Heck* does not preclude the prisoner from establishing an excessive use of force claim based on the amount of force used in response to the prisoner's provocation.  *Id.* at *4-6; *see also Hall v. Merola*, 67 F.4th 1282, 1292-93 (11th Cir. 2023) (Newsom, J., concurring) (suggesting that *Heck* would bar an excessive use of force claim where the inmate received a disciplinary report for the conduct if the prisoner is alleging that he did not do anything to provoke the force—a so-called "I didn't do it claim"—but *Heck* would not bar the claim if the prisoner was alleging that "I did it but the force used to subdue

---

[5] It is possible that the findings in the disciplinary report may be binding on Plaintiff under general principles of collateral estoppel under Florida law, but the parties have not briefed (or even raised) that issue.  *See Comm. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) ("In considering whether to give preclusive effects to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion.").  Thus, the Court need not decide at this point whether Plaintiff is collaterally estopped under Florida law from testifying or presenting evidence at trial that is inconsistent with the findings made in the disciplinary report.  That said, irrespective of whether collateral estoppel applies, Plaintiff will not be allowed to impugn the prison disciplinary proceedings or the findings resulting from those proceedings at the trial in this case.

4

me was constitutionally excessive"). *Jones* is not binding authority, and the Court declines to follow it in ruling on Defendants' motion in limine because, in *Hall*, the Eleventh Circuit expressly rejected the distinction between so-called "I didn't do it" claims and "I did it but …" claims as dispositive under *Heck* because, in either case, "the validity or invalidity of [the prisoner]'s disciplinary conviction is irrelevant to whether the officers used excessive force against him." *Id.* at 1292 n.4 (citing *Dixon*, 887 F.3d at 1240).

Accordingly, for the reasons stated above, it is **ORDERED** that Defendant's motion in limine (Doc. 69) is **DENIED**.

**DONE and ORDERED** this 7th day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**