**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ABDELAZIZ HAMZE
DOC # L81379**,

    Plaintiff,

v.                                                   Case No. 3:22-CV-4978-TKW/ZCB

**SETTLEMYERS, ET AL.**,

    Defendants.

_____/

## **DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWERS**

    **Smith**, **Settlemyers**, **White**, **Kosanovich**, **Simmons**, and **Neel** ("Defendants"), through counsel, move this Court for leave to amend their answers and affirmative defenses. In support of this Motion, Defendants argue as follows:

1. On May 18, 2022, and July 17, 2022, Defendants filed their respective Answers to Plaintiff's Complaint. (Docs. 10, 17).

2. Within Defendants' Answers, Defendants preserved Qualified Immunity as an Affirmative Defense. *See* (Docs. 10, 17).

3. During the pendency of this case, Defendants have determined that additional defenses exist, which include whether Plaintiff's June 5, 2018, claims are *Heck*-barred or should be limited based on *Heck* in some manner,

1

whether Defendants are entitled to self-defense and defense of others on all of Plaintiff's state law claims, and whether Plaintiff's claims should be collaterally estopped as they relate to the June 5, 2018, incident.

4. Based on these issues being clear on the face of the complaint as well as facts gleaned during Discovery, Defendants believe leave should be given based on the requirements of justice.

5. Additionally, on August 7, 2023, Defendants reached out to Plaintiff's counsel prior to the filing of this Motion and requested their position on this Motion. Plaintiff indicated that they oppose this Motion.

## MEMORANDUM OF LAW

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id*. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Rule 15 'severely restrict[s]' the district court's discretion to deny leave to amend." *Hall v. Merola*, 67 F. 4th 1282, 1295 (11th Cir. 2023) (citing *Woldeab v. Dekalb Cnty. Bd. Of Educ.*, 885 F. 3d 1289, 1291 (11th Cir. 2018)). There must be

substantial reason to deny a motion to amend. *Foman*, 371 U.S. at 182. Substantial reasons justifying denial include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 182.

In this case, Defendants should be given leave to amend their Answers to include several defenses. The defenses which Defendants request to amend into their answer include: (1) that Plaintiff's June 5, 2018, claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or should be limited by *Heck*, (2) that Defendants are entitled to self-defense and defense of others on all of Plaintiff's state law claims, and (3) that Plaintiff's claims are collaterally estopped in relation to the June 5, 2018, incident. Defendants are requesting leave to amend their Answer based on clear interests of justice.

**I.      Plaintiff's claims being *Heck*-barred or limited by *Heck*.**

Based on a series of recent filings, it is clear Defendants have been pursuing argument that Plaintiff's claims are *Heck*-barred or should be otherwise limited by *Heck*. *See* (Docs. 54, 68, 69). This Court has disagreed with Defendants' arguments. (Docs. 55, 70, 82). Defendants disagree with this Court's decisions on the Motions raised by Defendants.

Notably, this Court has suggested that Defendants have been filing successive motions about the same issue involving *Heck*. *See e.g.* (Doc. 70 at 1) ("The motion is essentially a repackaging of the argument that Defendants sought to make in an untimely motion for summary judgment."); (Doc. 82 at 1) ("Defendants previously argued (twice) that *Heck* bars this suit, at least as it is based on the June 5, 2018, incident for which Plaintiff received a prison disciplinary report."). Defendants believe that this Court may have misinterpreted the procedural history.

Defendants initially requested <u>leave</u> to make the *Heck* arguments in a belated summary judgment motion, (Doc. 54 at 3) ("Defendants respectfully request that this Court provide Defendants with leave to file a Motion for Summary Judgment."), but this Court denied the request. *See* (Doc. 55 at 5) ("In sum, for the reasons stated above, it is **ORDERED** that Defendants' motion for leave to file an out-of-time motion for summary judgment (Doc. 54) is **DENIED**."). In denying Defendants' request, this Court apparently attempted to anticipate Defendants' arguments in what appeared to be *obiter dicta*. (Doc. 55 at 3-5). It is Defendants' position that this Court's Order misapprehended the arguments Defendants intended to make.

Defendants subsequently filed a Motion to Dismiss, which they believed they were entitled to file based on established case law. *See* (Doc. 68) (relying on *Dixon v. Hodges*, 887 F. 3d 1235, 1237 (11th Cir. 2018) for the proposition that *Heck* bars claims based on a lack of subject matter jurisdiction). This was the first time Defendants presented their argument that Plaintiff's claims are *Heck*-barred. This Court denied Defendants' Motion to Dismiss. (Doc. 70). At the same time, Defendants also filed a Motion in Limine asking for lesser alternative relief that Defendants believed they were entitled to if a total *Heck*-bar did not exist. (Doc. 69). This Court also denied Defendants' Motion in Limine. (Doc. 82). Based on this Court's denial of Defendants' Motion to Dismiss, (Doc. 70), and their Motion in Limine, (Doc. 82), Defendants do not intend to pursue the issue through motion practice any further. Instead, Defendants will raise it as appropriate during trial and preserve the issue for appellate review.[1]

---

[1] Preservation of the issue for appellate review is an important consideration as well. The denial of the Motion for Leave to File would be reviewed by the 11th Circuit on an abuse of discretion standard as it is clearly within the discretion of this Court. If Defendants were to appeal the Motion for Leave, they would likely lose on the Motion for Leave to Amend because of the level of discretion afforded to this Court and the fact that the issue of *Heck*, at that point, had not been raised in this Court. In contrast, denial of Defendants' Motion to Dismiss would be based on a *de novo* review of the law. *Hall*, 67 F. 4th at 1290 (citing *Dixon*, 887 F. 3d at 1237).

Based on the filings from Defendants, it is apparent to this Court and to Plaintiff that *Heck* is an issue in this case. Recently, knowing that *Heck* is an issue in this case, Plaintiff has suggested that Defendants have waived the argument because they did not include *Heck* as an affirmative defense in their Answer. *See* (Doc. 74 at 4-5). In response, this Court rejected Plaintiff's argument regarding waiver. (Doc. 82 at 5) ("Plaintiff responds that Defendants' argument is untimely because the *Heck* rule is an affirmative defense that is waived if not raised in the initial pleadings, and in any event, *Heck* is not an evidentiary doctrine that can be used to limit or exclude otherwise admissible evidence. The Court agrees with Plaintiff on the latter point.").

Defendants' position regarding the *Heck*-bar issue remains the same – it is a matter of subject matter jurisdiction. However, Defendants wish to remedy the procedural argument that Plaintiff asserts, and to do so, Defendants would need to amend their Answer to include an issue which is on every party's radar. Plaintiff would not be prejudiced by this request since they have already addressed the issue and this Court has agreed with them. *See e.g.* (Doc. 82). The amendment would merely be to remedy the alleged procedural defect which Plaintiff clearly intends to argue on appeal.

6

## II.  Affirmative defenses of self-defense and defense of others.

Defendants additionally wish to amend their Answers to include the defenses self-defense and defense of others as it relates to Plaintiff's battery claim. *See* (Doc. 1 at 6-7). Based on the face of Plaintiff's complaint, the uncontested facts of the Disciplinary Report ("DR") Plaintiff received, (Doc. 82 at 4, FN 5) ("[t]hat said, irrespective of whether collateral estoppel applies, Plaintiff will not be allowed to impugn the prison disciplinary proceedings or the findings resulting from those proceedings at the trial in this case."), and the recent discussion regarding *Heck* based on Defendants' motions, all parties are on notice of the affirmative defenses Defendants seek to include.

The purpose of affirmative defenses as stated in Answers is to provide fair notice to the opposing party of an issue which will be present at trial. *Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, *3 (S.D. Fla. 2007). In this case, though self-defense and defenses of others were not explicitly pled in Defendants' Answers, the defenses are so apparent that there is no way that Plaintiff does not have notice of the defenses. The DR explicitly describes that Plaintiff attacked Defendants first, and in response, Defendants utilized force on Plaintiff to end the attack. *See* (Doc. 68-1 at 1). There is no way prejudice can be afforded to Plaintiff based on how obvious the defenses are in this case.

Additionally, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, *1 (M.D. Fla. 2011). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* at *1 (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). The facts of this case are extremely clear as it relates to the June 5, 2018, claim: Plaintiff grabbed Defendants and Defendants utilized force on Plaintiff because Plaintiff grabbed Defendants. Likewise, the claim against Defendants related to the June 10, 2018, claim is that Plaintiff attacked Defendants first, and in response, Defendant utilized force on Plaintiff. As a result, Defendants would merely request to amend their Answer to include the defense of self-defense or defense of others in response to Plaintiff's claims.

### III. Collateral estoppel of Plaintiff's June 5, 2018, claim.

Finally, Defendants wish to also include the affirmative defense of collateral estoppel. In Florida, collateral estoppel is an affirmative defense which must be proven to be successful. *LaBella v. LaBella*, 324 So. 3d 37, 38-39 (Fla. 5th DCA 2021); *Norwich v. Glob. Fin. Assocs., LLC*, 882 So. 2d 535, 536 (Fla. 4th DCA

2004); *Duncan v. Prudential Ins. Co.*, 690 So. 2d 687, 688 (Fla. 1st DCA 1997). This Court has recently suggested that collateral estoppel may bind factual findings against Plaintiff and has practically invited the parties to brief the issue. *See* (Doc. 82 at 4, FN 5) ("It is possible that the findings in the disciplinary report may be binding on Plaintiff under general principles of collateral estoppel under Florida law, but the parties have not briefed (or even raised) that issue."). Defendants initially tried to raise the issue of evidentiary limitations on Plaintiff's claims in the context of *Heck*, (Doc. 69), and this Court rejected that argument due to the issue being undecided in the 11th Circuit and being an open question. (Doc. 82 at 3-4). Based on this Court's very recent invitation, Defendants should be able to pursue the affirmative defense.

    Furthermore, as this evidentiary issue is already being litigated, Plaintiff is not surprised or prejudiced by the addition of the affirmative defense. The first thing that Plaintiff's most recent counsel did after appearing on this case was file a response to Defendants' Motion in Limine. *See* (Doc. 74). Plaintiff was aware of the evidentiary issue even earlier than the date the response was filed based on Defendants' previous Motion for Leave. *See* (Doc. 54). There cannot be any degree of surprise when there was clearly an awareness of what the issues in the case are due to Defendants' previously filed motions.

9

**WHEREFORE**, Defendants respectfully request that this Court provide Defendants with leave to amend their Answers.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Motion for Leave to Amend Answers* was e-filed and served electronically on all counsel of record through CM/ECF on August 8, 2023.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion and Memorandum of Law totals **2,007** words, not exceeding the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that undersigned counsel has conferred with Plaintiff's counsel of record pursuant to N.D. Local Rule 7.1(B) prior to the filing of this Motion. Plaintiff's counsel indicated they object to the requested relief within this Motion.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General
