UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

    Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO AMEND THEIR ANSWERS**

After an unsuccessful third attempt to bar Plaintiff's claims and testimony under *Heck/Balisok*,[1] without mentioning or showing good cause under Rule 16(b), Defendants argue they should be permitted leave to amend their affirmative defenses in the eleventh hour to include *Heck* and several other defenses. They argue the Court "has practically invited" them to make this untimely motion to raise defenses they knew or should have known about at the onset of this case, without any explanation how over a year into the case good cause exists to permit amendment when no facts or circumstances have changed. The motion should be denied.

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994) & *Edwards v. Balisok*, 520 U.S. 641 (1997).

I.  **BACKGROUND**

Plaintiff Abdelaziz Hamze is a state prisoner who claims that the Defendants, all correctional officers then employed at Santa Rosa Correctional Institution, violated his rights under the Eighth Amendment and Florida law when they attacked him twice in June 2018—first breaking a bone in his left forearm, and then days later breaking a second bone in that forearm. (*See, generally*, Doc. 1).

Plaintiff sued Defendants in this Court, and Defendants filed an answer raising qualified immunity as their only affirmative defense. (Doc. 17). After the close of discovery, neither party moved for summary judgment.

When the Court directed the parties to propose trial dates, Defendants filed a motion for leave to file an out-of-time summary judgment motion, arguing that Plaintiff's claim should be *Heck*-barred under recent authority from the Eleventh Circuit. (Doc. 54). The Court denied that motion. (Doc. 55). Then Defendants moved to dismiss for lack of subject matter jurisdiction, arguing again that Plaintiff's claims were *Heck*-barred, and submitting the disciplinary report and use of force report from June 5, 2018. (Doc. 69). The Court again denied Defendants' attempt to foreclose Plaintiff's claims under *Heck*, explaining that whether some or all of

Plaintiff's claims were *Heck*-barred was for the jury to resolve. (Doc. 70). On the same day that Defendants moved to dismiss, they also moved to preclude Plaintiff's testimony to the extent that it would contradict the findings in the June 5 disciplinary report. (Doc. 69). The Court denied that motion, concluding that *Heck* "cannot be used to bar evidence from being introduced at trial." (Doc. 82 at 4). In a footnote, the Court noted that collateral estoppel principles *may* prevent Plaintiff from testifying or presenting evidence but that the issue was not raised in Defendants' motion in limine. (*Id.* at 4 n. 5).

Defendants construed the Court's footnote as an "invitation" to assert collateral estoppel as an affirmative defense and address other pleading issues—such as the fact that they have not raised *Heck* as a defense despite three prior attempts to use the doctrine to undo Plaintiff's claims or ability to testify. (Doc. 83). For the reasons illustrated below, Defendants have not carried their burden to do so.

## II.   ARGUMENT

Defendants are correct that Rule 15 provides that a party may amend its pleading with "the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, absent from the motion is any mention of Rule 16(b), which governs. *Sosa v.*

3

*Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (requiring "good cause" shown for untimely amendment). Rule 16(b) directs the district court to enter an order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). This scheduling order "may be modified only for good cause shown and with the judge's consent." *Id.* at (b)(4). Only after determining that good cause is met under Rule 16(b) to modify the time to amend under the scheduling order, will a district court look to the requirements of Rule 15(a).[2] *Yellow Pages Photos, Inc. v. Yellow Book USA, Inc.,* 2009 WL 10670233, at *1 (M.D. Fla. Aug. 14, 2009) ("If the party fails to meet the good cause requirement of [Rule] 16(b), no need exists to determine the propriety of the proposed amendment under [Rule] 15(a)."). The Eleventh Circuit's caselaw defines the "good cause" standard under Rule 16 to require diligence. *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1377–78 (M.D. Fla. 2009) (citing *Sosa*, 133 F.3d at 1418). Defendants have failed to carry their burden because they have not shown and cannot show that they were diligent.

---

[2] The Rule 15(a) requirements are whether (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

4

First, Defendants contend that they wish to amend their affirmative defenses to add the *Heck* bar because Plaintiff asserted in response to their motion in limine that *Heck* was a waivable affirmative defense. (Doc. 83 at 6) (citing Doc. 74). They claim they are merely seeking to correct a "procedural argument" by adding *Heck* and suggest that Plaintiff would not be prejudiced by the late amendment. Second, Defendants seek to include self-defense and defense of others as affirmative defenses to Plaintiff's battery claim. They again assert that Plaintiff is on notice of these defenses, though unpled, and that he would not be prejudiced by the amendment. And third, Defendants ask for leave to assert a collateral estoppel affirmative defense. They do not suggest why they could not have asserted this defense sooner and again explain that there is no "surprise" because there was "clearly an awareness of what the issues in the case are due to Defendants' previously filed motions." (Doc. 83 at 9).

To begin with, Defendants essentially argue against themselves— they cannot show diligence <u>and</u> assert that these proposed defenses cannot possibly prejudice Plaintiff because "[t]here cannot be any degree of surprise." (*Id.*). The Court need not go further to determine that Defendants have not carried their burden. Even so, prejudice is "immaterial" to the good cause analysis on Rule 16(b). *Walt Disney World Co.*, 146 F. Supp. 2d

5

1249, 1252 (M.D. Fla. 2000); *Smith v. West Facilities Corp.*, 2006 WL 898134, at *4 (S.D. Ala. April 5, 2006) (same).

As for Plaintiff's claim that the *Heck* issue responds to Plaintiff's recent arguments that *Heck* may be waived if not asserted as an affirmative defense, Defendants again cannot show diligence. Plaintiff's argument in response to the motion in limine derives from decisional authority of the Eleventh Circuit that predates Plaintiff's filing of this lawsuit. (Doc. 74 at 4) (citing *Teagan v. City of McDonough*, 949 F.3d 670, 678 (11th Cir. 2020)). Because there has been no change in law, Defendants cannot show that their "remedy [of] the alleged procedural defect" in their pleadings a year after filing them satisfies the diligence requirements of Rule 16(b). *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (no abuse of discretion for denying leave to amend six weeks before trial where counsel had misunderstood legal protections). *See id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."); *see also Valpak Direct Mktg. Sys., Inc. v. Maschino*, 349 F. App'x 368, 370–71 (11th Cir. 2009) (no good cause to amend a pleading after the amendment deadline expired where "the facts underlying the proposed amendment

6

were actually known or could have been discovered with the exercise of due diligence in advance of the amendment deadline").

For the other defenses (estoppel and self-defense), Defendants provide no support for their failure to raise those defenses earlier. These are not new concepts and as Defendants demonstrate, the facts underlying those defenses have been apparent since the institution of the lawsuit. As such, Defendants have not met their burden under Rule 16(b).

Because Defendants have not met their burden to show good cause, the Court need not consider the factors under Rule 15(a). *Hayes v. Moon*, 2016 WL 11031743, at *1 (S.D. Fla. Nov. 16, 2016) ("If the court finds that the party seeking leave to amend lacked due diligence, then the good cause inquiry ends with a denial of the motion." (citing *Sosa*, 133 F.3d at 1418)). That said, if the Court were to consider the requirements of Rule 15(a), Plaintiff would assert that Defendants' effort to amend their defenses after discovery and a few months before trial is unduly delayed for the same reasons. *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) ("Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial.").

## III. CONCLUSION

For all these reasons, Plaintiff Abdelaziz Hamze respectfully requests that the Court deny Defendants' Motion for Leave to Amend their Answers.

Dated: August 10, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32302
Tel: (305) 523-9023
james@slater.legal

-and-

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

*Attorneys for Plaintiff*

**Certificate of Compliance with Local Rule 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,600 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater