UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

    Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

**PLAINTIFF'S *UNOPPOSED* MOTION TO PERMIT PLAINTIFF
TO APPEAR TELEPHONICALLY AT SETTLEMENT CONFERENCE, BE
EXCUSED FROM THE PRETRIAL CONFERENCE, AND TO VACATE
<u>WRIT OF HABEAS CORPUS AD TESTIFICANDUM</u>**

Plaintiff, a state prisoner, through counsel, moves to (1) be permitted to appear telephonically or by videoconference at the settlement conference scheduled for September 29, 2023, and (2) excuse his appearance at the pretrial conference scheduled for later that day now that he has obtained counsel. Plaintiff's newly appearing counsel will be present at the courthouse on that date for both conferences. To the extent the Court grants these requests, Plaintiff would also ask that the Court vacate writ commanding his attendance at the courthouse that day. As grounds, Plaintiff states:

## I.     BACKGROUND

1. Plaintiff Abdelaziz Hamze is a state prisoner residing at Northwest Florida Reception Center in Chipley, Florida. He filed this civil rights lawsuit with the assistance of counsel.

2. On March 15, 2023, however, and prior to the entry of any order scheduling trial, Plaintiff's predecessor counsel withdrew from this case. [Doc. 40].

3. On June 6, 2023, while Plaintiff was proceeding pro se, the Court entered its trial order, scheduling a settlement conference for 9 a.m. central time on September 29, 2023 and a pretrial conference the same day for 1:00 p.m. central time. [Doc. 57]. Plaintiff, pro se, was ordered to appear in person for both conferences and the Court issued a writ of habeas corpus ad testificandum to compel his appearance. [Doc. 60].

4. Since the entry of the trial order and execution of the writ, Plaintiff has secured new counsel to represent him for the remainder of these proceedings. [Docs. 73, 74].

5. Because Plaintiff is now represented by counsel, he requests that the Court obviate the need for him to be transported to the federal courthouse on September 29.

## II.  MEMORANDUM OF LAW[1]

Courts in this District have allowed or otherwise been amenable to parties appearing telephonically at settlement conferences and pretrial conferences. *See, e.g., Skelly v. Okaloosa Cnty., Florida Bd. of Cnty. Commissioners*, 3:08CV428/MCR/CJK, 2013 WL 12377419, at *4 (N.D. Fla. Feb. 22, 2013) (plaintiff appeared by telephone at pretrial conference, and at prior day's settlement conference); *Herstgaard v. Cherryden, LLC*, 1:07CV02-MP/AK, 2009 WL 2191862, at *1 (N.D. Fla. July 22, 2009) (court "left open the possibility that it would 'consider entertaining a telephonic settlement conference without the usual requirement of personal attendance in chambers.'"). *See also Granados v. Palm Coast Bldg. Maint., Inc.*, 20-CV-81917-RAR, 2021 WL 1617689, at *1 (S.D. Fla. Jan. 26, 2021) (parties scheduled to appear for telephonic settlement conference before magistrate); *Cauzo v. Katane LLC*, 20-CV-60396, 2022 WL 18358842, at *3 (S.D. Fla. Dec. 16, 2022), *report and recommendation adopted sub nom. Cauzo v. Guarnera*, 20-CV-60396-RAR, 2023 WL 246833 (S.D. Fla. Jan. 18, 2023) (settlement conference conducted telephonically).

---

[1] Although Local Rule 7.1(G) does not require supporting memoranda of law for unopposed motions, Plaintiff provides brief argument supporting his requested relief.

3

Here, Plaintiff requests that the Court permit him to appear at the settlement conference by telephone or videoconference and excuse his attendance from the pretrial conference. When the Court issued the trial order, Plaintiff was litigating this case as a pro se state prisoner. Now, with counsel, there is no need for Plaintiff to be present at the pretrial conference along with his counsel, and the efforts and costs involved with transporting him for the settlement conference are unnecessary, as nonparty Florida Department of Corrections can accommodate his appearance by telephone or videoconference, as it has done in other cases with Plaintiff's undersigned counsel, and Plaintiff's counsel will be present to conduct the conference with all parties.

### III.    CONCLUSION

For all these reasons, Plaintiff Abdelaziz Hamze respectfully requests that the Court permit him to appear by telephone or video at the settlement conference on September 29, 2023, excuse his appearance at the later-scheduled pretrial conference that day, and vacate the writ of habeas corpus ad testificandum compelling his attendance that day.

Dated: August 15, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32302
Tel: (305) 523-9023
james@slater.legal

-and-

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

*Attorneys for Plaintiff*

## Certificate of Compliance with Local Rule 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 665 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

## Certificate of Conference with Loal Rule 7.1(B)

Pursuant to Local Rule 7.1(B), Plaintiff's counsel has conferred in good faith with counsel for Defendants by email on August 15, 2023. Counsel for Defendants stated that they did not object to the relief requested herein.

By: */s/ James M. Slater*
James M. Slater