UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

      Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

      Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 401, 403, 404 and 609 of the Federal Rules of Evidence, Plaintiff Abdelaziz Hamze files this Omnibus Motion in Limine and incorporated memorandum of law seeking entry of an order excluding evidence or argument regarding the following matters:

(1)    The details of the felony for which Mr. Hamze was convicted and the length of his sentence, including any references to such information in any documents admitted into evidence because such evidence is inadmissible pursuant to Rule 609 and any probative value it may have is substantially outweighed by the risk of unfair prejudice to Mr. Hamze under Rule 403;

(2)     Any disciplinary reports Mr. Hamze has received from the Florida Department of Corrections (FDC), including the June 5, 2018 disciplinary reports Defendants intend to rely on at trial;

(3)     Any use of force incident reports, including those related to the incident, as lacking trustworthiness, or, to the extent the Court disagrees with a blanket exclusion, the statements in those reports should be excluded as inadmissible hearsay;

(4)     The statements in the MINS Incident Reports should be excluded as inadmissible hearsay or for failure to satisfy the best evidence rule;

(5)     Argument and evidence about the Inspector General investigation and materials, including reports, referrals to the state attorney, and communications with the state attorney should be excluded under Rule 803(8)(B) as materials prepared in connection with an anticipated adversarial proceeding and as unfairly prejudicial outweighing any probative value; and

(6)     Any grievances, appeals, and responses because such evidence is irrelevant under Rule 401, is improper character evidence under Rule 404(b), and any probative value it may have is substantially

outweighed by the risk of unfair prejudice to Mr. Hamze and juror confusion under Rule 403.

As discussed in more detail below, each of these categories of evidence, as well as any associated arguments related to such evidence, should be excluded. Undersigned counsel for Mr. Hamze met and conferred with counsel for Defendants by email and teleconference in a good faith effort to resolve these issues and has set forth below the extent to which the parties have reached agreement.

As grounds, Mr. Hamze states:

## I.   BACKGROUND

This lawsuit is brought pursuant to 42 U.S.C. § 1983 and state law for violations of Mr. Hamze's Eighth Amendment rights and state law while he was an inmate at Santa Rosa C.I. (SARCI). Mr. Hamze alleges the Defendants—FDC correctional officers—used unlawful and excessive force on him and committed battery on two occasions.

### A. June 5, 2018 Incident

On June 5, 2018, Mr. Hamze was an inmate at SARCI, where he asserts correctional officers called him a terrorist and deprived him of meals. On June 5, while Mr. Hamze's handcuffs were being removed through a cuffing portal in his cell door, Mr. Hamze asserts that Defendant

Kosanovich pulled Mr. Hamze's arm through the portal and Defendant Simmons assisted Kosanovich in holding Hamze's arm, while Defendant Neel delivered multiple hammer strikes to his forearm, resulting in fractures of Mr. Hamze's left ulnar and radius bones. Defendant Settlemyers escorted Mr. Hamze to the medical clinic where Mr. Hamze asserts he repeatedly coached the nurse that nothing was broken, essentially instructing her to withhold medical assistance. On July 27, 2018, Mr. Hamze underwent an open reduction internal fixation surgery with plates to repair the broken bones in his forearm.

### B. June 10, 2018 Incident

On June 10, 2018, Defendants White and Smith were escorting Mr. Hamze to a prison infirmary when Mr. Hamze asserts White shoved him and threw him to the ground, where White and Smith struck him. Mr. Hamze contends that he sustained additional injury to his left arm as a result. The use of force evaluation also notes that Mr. Hamze had a contusion above his eye.

## II.   ARGUMENT

The relevance of evidence is a threshold determination for the Court. Fed. R. Evid. 104. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence "may be excluded if the probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) (granting motion in limine precluding reference to collateral matter "which could confuse the issues, mislead the jury, and lead to a mini-trial on collateral issues causing undue delay"). In determining the relevance of evidence, the Eleventh Circuit has defined the term "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hooks*, 147 F. App'x 956, 957-58 (11th Cir. 2005) (internal quotation marks and citations omitted).

### 1. Motion to exclude evidence related to Mr. Hamze's conviction and sentence (agreed in part).

Mr. Hamze does not dispute that he may be impeached pursuant to Federal Rule of Evidence 609 based on the fact that he has been convicted of a felony.[1] Mr. Hamze, however, moves to exclude any evidence, whether proffered on opening statement or elicited through testimony or documents,

---

[1] The parties agree, based upon information and belief, that Mr. Hamze has been convicted of only a single felony and that he has not been convicted of any misdemeanor involving a crime of dishonesty.

5

referring to the name and details of that crime (vehicular homicide) and the length of his sentence.

The probative value of a violent conviction for impeachment is low where the crime does not involve dishonesty. *See*, *e.g.*, *Green v. Croft*, 347 F.Supp.3d 1156, 1161 (S.D. Fla. 2018) (concluding witness's prior convictions for battery and resistance had low probative value because they were not crimes of dishonesty); *United States v. Jackson*, 627 F.2d 1198, 1210 (D.C. Cir. 1980) (manslaughter ranked comparatively low on the scale of veracity-related crimes); *Foulk v. Charrier*, 262 F.3d 687, 699 (8th Cir. 2001) (prisoner's prior felony convictions, for rape and sodomy, excluded, as evidence in question was not highly probative on issue of credibility). Hearing the nature of the violent crime could also confuse the jury. *Green v. Croft*, 347 F. Supp. 3d 1156, 1161 (S.D. Fla. 2018) (opining that jurors would be left wondering what battery and resistance with violence convictions have to do with Plaintiff's honesty).

In a pre-motion telephonic conference, Defendants agreed that they would not identify either the name of the crime for which Mr. Hamze was convicted—vehicular homicide—, or the details of that conviction, with the caveat that if Mr. Hamze "opens the door" to such evidence they reserve the right to question him on the details of his conviction. The parties agree

6

that absent Mr. Hamze's "opening the door," questioning as to the <u>nature</u> of the crime should be limited to the fact of the single felony for which he has been convicted, without reference to the underlying charge or details of the crime.

However, Defendants stated that eliciting the remaining length of time of Mr. Hamze's conviction is relevant to his claim for compensatory damages, as Mr. Hamze will not be required to pay for any additional treatment required while in the custody of FDC other than $5 co-payments for sick-call visits. Mr. Hamze will agree to stipulate that he is not seeking future medical expenses as part of his compensatory damages and therefore believes that the remaining length of his conviction is not relevant under Rule 401, Rule 609 and would prejudice Mr. Hamze under Rule 403. Defendants have asked Mr. Hamze to make further stipulations on damages to prevent the introduction of Mr. Hamze's end-of-sentence date at trial, to which Mr. Hamze cannot agree at this time.

**2. Motion to exclude disciplinary reports or history (agreed in part).**

Mr. Hamze moves to exclude any disciplinary reports or disciplinary history, including the June 5, 2018 disciplinary reports that arise from the June 5, 2018 use of force incident in which Mr. Hamze's arm was broken. Disciplinary reports or actions unrelated to the incident are irrelevant and

unduly prejudicial, and for the June 5 reports, Mr. Hamze will not seek to preclude introduction of evidence of the actions taken (loss of gain time, disciplinary confinement) or the disciplinary conviction, but argues that the reports themselves lack trustworthiness for purposes of their introduction as evidence.

## A. Other Disciplinary History (agreed in part)

As a threshold matter, other than the disciplinary reports for June 5, 2018, Defendants have not provided other disciplinary reports as exhibits for trial, meaning that they cannot be introduced except for impeachment. *See Johnson v. Dunnahoe*, 2013 WL 793154, at *1 (E.D. Cal. Mar. 4, 2013) (motion to exclude prior reports of prison disciplinary reports or prison misbehavior denied as moot where, while the Court agreed such reports were likely irrelevant, defendants had not included any reports in their trial exhibits). At the parties' pre-motion conference, Defendants stated that they would agree to only use other (non-June 5, 2018) disciplinary reports if Mr. Hamze "opened the door." The parties are in agreement that the other disciplinary reports should only be permitted for purposes of impeachment or if Mr. Hamze opens the door for their introduction.

As part of their exhibits, however, Defendants provided three lists containing Mr. Hamze's disciplinary history from December 23, 2015

through February 28, 2023, a total of 39 incidents.  (Doc. 45 at 6, Def. Ex. 27). A copy of Exhibit 27 is attached as **Exhibit A** hereto. Introducing these histories or individual incidents without the underlying facts or records would result in considerable undue delay, judicial waste, and would confuse the jury. Whether Mr. Hamze received disciplinary reports for alleged infractions wholly unrelated to this event is further irrelevant to the issue of whether the Defendants violated Hamze's civil rights on June 5 and 10, 2018. *See R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!*, 462 F. 3d 690, 698 (7th Cir. 2006) (excluding evidence where "[e]ven if marginally relevant to some issue…could have played little role beyond confusing jurors….keeping this evidence out enabled the court to focus on jurors' attention on the statutory requirements and defenses."); *Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393 (E.D.N.Y. 2013) (excluding employee's prior disciplinary reports as inadmissible character evidence with minimal relevance substantially outweighed by the danger of prejudice, confusion of the issues, and undue delay). *Bell-Bey v. Roper*, 499 F.3d 752, 759 (8th Cir. 2007) ("trial court may exclude the defendant's evidence on grounds the evidence is only marginally relevant without violating the Constitution"); *Galvan v. Yates*, 587 Fed. Appx. 361, 362 (9th Cir. 2014)

(evidence proffered was "only marginally relevant" and its exclusion was not "disproportionate" to the legitimate purposes it served).

Defendants should not be permitted to use Exhibit 27 in their examination, including for purposes of impeachment. The document does not contain details sufficient to impeach or examine Mr. Hamze on the facts and nature of the underlying events. For example, Exhibit 27 references several instances of discipline for battery. But without having the underlying disciplinary and incident reports and knowing what specific facts undergird the disciplinary reports and whether there is any question of their trustworthiness, the introduction of this evidence is unfairly prejudicial and lacking probative value. Further, the disciplinary history reports were generated in June 2023. It is unclear whether these are business records that normally exist in the course of business or whether they were made in anticipation of litigation precluding their admissibility under Rule 803(6). *United States v. Vozniuk*, 2021 WL 5264655, at *3 (11th Cir. Nov. 12, 2021) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321–22 (2009)). For these reasons, the Court should exclude Exhibit 27 at trial, including for purposes of impeachment.

## B. June 5, 2018 Disciplinary Reports (opposed)

The Court should also exclude the June 5, 2018 disciplinary reports, which Defendants intend to introduce at trial. Copies of those reports are part of the Court record at Docket Entry 68-1. The reports should be excluded because they lack trustworthiness and are inadmissible hearsay. Mr. Hamze will stipulate to the conviction and the loss of gain time and sentence of disciplinary confinement, but the records should be excluded. Alternatively, the reports should be limited in their introduction to exclude the statements of fact and factual findings. Defendants oppose this request.

The statements in the disciplinary reports constitute "hearsay" because they are out-of-court statements that Defendants intend to offer to "prove the truth of the matter asserted." *See* Fed. R. Evid. 801(c). However, there are several exceptions to the inadmissible hearsay rule, including public records containing "factual findings from a legally authorized investigation." *See* Fed. R. Evid. 803(8)(A)(iii). Notwithstanding, disciplinary reports are only admissible as to the "fact findings contained therein that are based on the personal knowledge or observations of the investigating officer" when the reports do not lack trustworthiness. *Mack v. Benjamin*, 2015 WL 7313869, at *2 (M.D. La. Nov. 20. 2015) (citing *Moss v. Ole South Real Estate, Inc*., 933 F.2d 1300 (5th Cir. 1991)).

In *Johnson v. Cain*, for example, the district court determined that disciplinary reports prepared by the defendant prison officers did not fit within the exception of Rule 803(8)(c) because of "their self-serving and inherently untrustworthy nature." 2011 WL 2437608, at *2 (M.D. La. June 17, 2011).

Here, the June 5, 2018 disciplinary reports were authored by named defendants in the case. (*See, e.g.*, Doc. 68-1). And Defendant Settlemyers—who Mr. Hamze stated under oath told him "we don't like Arabs in America" after the June 5 incident resulting in his broken arm— was a member of the disciplinary team deciding Mr. Hamze's guilt. Given that, Mr. Hamze asserts that the documents, the factual statements, and findings related to those statements are inherently untrustworthy and unreliable. *See, e.g., Bracey v. Herringa*, 466 F.2d 702, 705 (7th Cir. 1972) (finding it was "error for the district court to accept in support of the Defendants' motion for summary judgment prison records which included the self-serving statements of the defendants themselves as well as statements of other prison guards."); *Kokoska v. City of Hartford*, 2014 WL 4724875, at *3 (D. Conn. Sept. 23, 2014) (holding that officers' narrative reports of events surrounding excessive force incident did not come within business records or public records exceptions in view of the officers' self-

interest "in portraying their actions in the most reasonable light and the actions of Plaintiff in the most unfavorable light"); *McGrew v. Roundtree*, 2011 WL 1789963, at *3 n.2 (M.D. La. Mar. 9, 2011), *report and recommendation adopted*, 2011 WL 1752246 (M.D. La. May 9, 2011) (expressing view that incident reports prepared by security officers who faced potential liability as defendants were self-serving and inherently untrustworthy, and hence inadmissible hearsay, not subject to the hearsay exceptions set forth in Rules 803(6) and 803(8)); *Lewis v. Velez*, 149 F.R.D. 474, 485-86 (S.D.N.Y. 1993) (holding that incident reports prepared by prison officials involved in excessive force incident lacked indicia of reliability and hence were not admissible as business records).

Mr. Hamze does not intend to "impugn the disciplinary proceedings," (Doc. 82 at 4 n. 5), or contest the validity of his sentence; however, the records are not sufficiently reliable for admission at trial. That said, the exclusion of these documents would not prejudice Defendants at trial, who would still be able to testify to their recollection of the events and the disciplinary proceedings and findings. Nor would the exclusion of the reports affect the jury's understanding of Mr. Hamze's disciplinary conviction and sentence, which he would stipulate to at trial.

For these reasons, the Court should exclude the June 5, 2018 disciplinary reports. Alternatively, if the reports are admissible, the statements contained therein should be excluded and redacted as inadmissible hearsay.

### 3. Motion to exclude incident reports (agreed in part).

Similarly, Mr. Hamze seeks the exclusion of all incident reports at trial, including the incident reports associated with the June 5 and 10 uses of force. Defendants have agreed that incident reports unrelated to those two use-of-force incidents would not come in directly but could come in for impeachment purposes and the parties agree on that. The only disagreement is whether the incident reports for June 5 and 10 should be admitted at trial. The parties are conferring on whether certain portions of the reports should be excluded as hearsay; however, Mr. Hamze takes the position that the incident reports are inadmissible hearsay to which there is no exception. Although a police report may, though hearsay, fall under the 803(8)(c) exception, "[c]ourts considering the issue have held that incident reports by officers involved in excessive force incidents lack the indicia of trustworthiness required for admission under either the business records or public records exceptions to the hearsay rule." *Cook v. Dunn*, 2022 WL 14022105, at *1 (M.D. Fla. Oct. 24, 2022) (citing *Fleming v. Hinds Cnty.*,

2017 WL 1730971, at *2-3 (S.D. Miss. May 1, 2017) (collecting cases for that proposition). Essentially, the reports are unreliable and lacking trustworthiness as documents created by Defendants, who have a self-interest "in portraying their actions in the most reasonable light and the actions of [Mr. Hamze] in the most unfavorable light." *Kokoska*, 2014 WL 4724875, at *3.

To the extent the Court disagrees that the entire documents should be excluded, Mr. Hamze alternatively contends that the "Details of the Incident," "Comment," and "Review" sections of the incident reports should be redacted as inadmissible hearsay. (*See, e.g.*, Doc. 68-2 at 14-20, 28). Defendants have stated that they agree that specific portions in the records may be hearsay and should be redacted, including statements of defendants and other individuals, subject to introduction if the hearsay exceptions are met at trial (for example, for a recorded recollection). To the extent the Court denies this aspect of the motion, the parties will continue to confer on the specific contours of redactions.

### 4. Motion to exclude statements in MINS Incident Reports (opposed).

Mr. Hamze also seeks the exclusion of statements in the MINS Incident Reports, specifically the "Description of Injuries," "Description of Incident," and "Actions Taken," sections in the reports. (*See, e.g.*, Doc. 68-

2 at 2-9). Specifically, these are out-of-court statements that Defendants intend to introduce for the truth of the matter asserted. Although Mr. Hamze would agree that the documents are admissible as either business or public records under Rule 803(6) or (8), the statements therein are based on the incident reports and medical records and therefore constitute double hearsay. (*See id.* at 2) (referring to incident reports or "IR#" and other MINS reports to generate description of incident). While the factual findings on their own might be admissible—though Mr. Hamze has disputed that above for the incident reports—summaries of those statements are double hearsay that cannot be admitted at trial. *See Roxbury–Smellie v. Fla. Dep't of Corr.*, 324 Fed. Appx. 783, 785 (11th Cir.2009) (district court properly refused to consider on summary judgment the notes taken by an EEOC investigator summarizing interviews with plaintiff's co-workers); *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) ("placing otherwise inadmissible hearsay statement by third parties into a government report does not make the statements admissible") (quotation omitted).

Further, the MINS incident reports describe injuries based on medical records and apparently "pictures of staff injuries," which were not disclosed by Defendants as exhibits along with the reports. (Doc. 68-2 at 7). Even if

the description of injuries were permitted based on the medical treatment exception to the hearsay rule, the failure to disclose the photographs of the injuries attendant to the MINS incident reports would violate the best evidence rule. Even if the documentation of injuries in the reports comes in part from medical records (which is unclear on the face of the reports), the records rely on photographs, which are part of the reports. Without those photographs the reports are not complete and the best evidence of the physical description of the alleged injuries to the defendant officers is the photographs taken of those purported injuries. Fed. R. Evid. 1002; *United States v. Guevara*, 894 F.3d 1301, 1309 (11th Cir. 2018).

Defendants oppose Mr. Hamze's request to preclude the statements and findings in the MINS incident reports.

### 5. Motion to exclude FDC Inspector General (IG) report (opposed).

In this case, the use-of-force incident on June 5, 2018 was investigated by FDC's Inspector General's Office, which generated a report with findings based on the underlying incident reports and documents. The report was then shared with the state attorney's office, which declined to prosecute Mr. Hamze for the alleged conduct in the disciplinary reports. The parties have agreed that the prosecutorial aspect of the investigation, including communications with the state attorney's office should not be

argued or elicited at trial unless Mr. Hamze "opens the door." However, the parties disagree as to whether the IG report should be admissible and whether the inspector may be permitted to testify as to the investigation. Mr. Hamze contends that the IG report, materials, and any testimony about the investigation should be precluded from trial because of the inherent bias associated with a law-enforcement related investigation. *United States v. Brown*, 9 F.3d 907, 911 (11th Cir. 1993). According to the Eleventh Circuit in *Brown*, "Congress was aware of the inherent bias that might exist in reports prepared by law enforcement officials in anticipation of trial. Congress, therefore, excluded such matters from the public records exception." *Id.* (citing S.Rep. No. 1277, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 7051, 7064). There is a distinction between a routine police record prepared in a "non-adversarial setting and those resulting from a more subjective investigation and evaluation of a crime." *Id.* (collecting cases). In *Brown*, the Eleventh Circuit believed that the "mechanical record[ation]" of a property receipt was within the type of record envisioned by the drafters of Rule 803(8). *Id.* at 912. Similarly, as the Fifth Circuit observed in *United States v. Quezada*, in the case of "documents recording routine, objective observations, made as part of the everyday function of the preparing official or agency, the factors likely to

cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present." 754 F.2d 1190, 1194 (5th Cir. 1985). Without any motivation other than to "mechanically register an unambiguous factual matter […] such records are, like other public documents, inherently reliable." *Id.*

But that is not the case here. The IG report and materials and underlying investigation was created expressly for law enforcement purposes. Indeed, the matters were transmitted to the state attorney to determine whether Mr. Hamze would be prosecuted for the conduct described in the report. The investigation was "closed" because the state attorney declined prosecution:

**JUSTIFICATION FOR CLOSURE:**

| SAO Declined Prosecution | ASA Name: James Parker | Date: 6/13/18 |
| --- | --- | --- |

The IG report was therefore intended to ascertain whether Mr. Hamze should be subject to criminal charges or exclusively administrative penalties. And result of the report was a referral to the state attorney's office, which declined to prosecute. That is not the "mechanical record" or "registration" that Congress intended to be admissible under the public records or business records exceptions under Rule 803.

Given that the parties agree that the prosecutorial aspect of the investigation, including communications with the state attorney's office, should not be argued or elicited at trial unless Mr. Hamze "opens the door," the report has no other probative value. Stacy Harris, the report author, has not been tendered as an expert nor does she render any opinions in the report. Given the parties' agreement on the introduction of evidence related to the state attorney's office, Ms. Harris's anticipated testimony and the reports she generated have no additional value and the matters in the report would be duplicative of what the percipient witnesses will say at trial. Given that, her report and testimony have no probative value and would only serve to bolster Defendants' testimony. As such any probative value is substantially outweighed by a danger of unfair prejudice, waste, and needless presentation of cumulative evidence. Fed. R. Evid. 403. Her report and testimony should therefore be excluded.

**6. Motion to exclude grievances, appeals, and responses (agreed).**

Mr. Hamze has filed grievances with the Department of Corrections unrelated to June 5 and 10, 2018. Such grievances are unrelated to the incidents before the Court in this action and therefore irrelevant. The parties have agreed that those grievances, appeals, and any responses should only be permitted for impeachment purposes.

## III.    CONCLUSION

For these reasons, Plaintiff Abdelaziz Hamze respectfully requests that the Court grant this omnibus motion in limine as set forth above.

Dated: September 15, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32302
Tel: (305) 523-9023
james@slater.legal

-and-

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

*Attorneys for Plaintiff*

**Certificate of Compliance with Local Rule 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 4,130 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

**Local Rule 7.1(B) Certification**

I hereby certify that I conferred with defense counsel by email on several occasions between September 12 and 15, 2023, as well as by telephonic conference on September 14, 2023. Certain aspects of this motion are agreed, and others are opposed, as set forth above in detail.

By: */s/ James M. Slater*_____
James M. Slater