## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ABDELAZIZ HAMZE**
**DOC # L81379**,

     Plaintiff,

v.                            Case No. 3:22-CV-4978-TKW/ZCB

**SETTLEMYERS, ET AL.**,

     Defendants.

_____/

## THE PARTIES' PROPOSED JURY INSTRUCTIONS
## AND VERDICT FORMS

The Parties, through counsel, and pursuant to Court Order (Doc. 57), hereby submit their proposed jury instructions, and provide the following. Plaintiff's areas of disagreement are noted in **red bold text or strikethrough** and Defendants' areas of disagreement are noted in **blue bold text or strikethrough**. Areas of agreement that deviate from the model instructions are noted in **black strikethrough or bold underlined text**.

1

**1.1 – General Preliminary Instruction**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I will give you more detailed instructions at the end of the trial.

The jury's duty:

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness did not personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you will hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments are not evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence. Do not decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence do not permit it. If I overrule the objection, then the witness may answer the question, or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I will give you additional guidelines for determining a witness's credibility.

Description of the case:

    This is a civil case. To help you follow the evidence, I will summarize the parties' positions. The Plaintiff, Abdelaziz Hamze, claims that Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel used excessive force against him. Defendants deny those claims and contend that the only force used was minimal and necessary to bring Hamze into compliance.

Burden of proof:

    Abdelaziz Hamze has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Abdelaziz Hamze must prove that, in light of all the evidence, what he claims is more likely true than not. So, **for example**, if you could put the evidence favoring Abdelaziz Hamze and the evidence favoring Defendant Smith on opposite sides of balancing scales, Abdelaziz Hamze needs to make the scales tip to his side. If Abdelaziz Hamze fails to meet this burden, you must find in favor of the defendant.

    To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Optional: On certain issues, called "affirmative defenses," Smith, Settlemiers, White, Kosonovich, Simmons, and Neel have the burden of proving the elements of a defense by a preponderance of the evidence. I will instruct you on the facts Smith, Settlemiers, White, Kosonovich, Simmons, and Neel must prove for any affirmative defense. After considering all the evidence, if you decide that Smith, Settlemiers, White, Kosonovich, Simmons, and Neel have successfully proven that the required facts are more likely true than not, their affirmative defense is proved.]

***Plaintiff takes the position that this should not be included because the sole defense of qualified immunity is "not the province of the jury to decide a defendant's entitlement to qualified immunity." *Simmons v. Bradshaw*, 879 F.3d 1157, 1166-67 (11th Cir. 2018) (collecting cases).***

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You should not even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also should not Google or search online or offline for any information about the case, the parties, or the law. Do not read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you

understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please do not share them with anyone until you go to the jury room to decide the case. Do not let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They are not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement is not evidence, and it is

not supposed to be argumentative; it is just an outline of what that party intends to prove.

Next, Abdelaziz Hamze will present his witnesses and ask them questions. After Abdelaziz Hamze questions the witness, Smith, Settlemiers, White, Kosonovich, Simmons, and Neel may ask the witness questions – this is called "cross-examining" the witness. Then Smith, Settlemiers, White, Kosonovich, Simmons, and Neel will present their witnesses, and Abdelaziz Hamze may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**1.4 – Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I will ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me, and I will share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it is allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5 – Interim Statements**

At times during the trial, the lawyers will address you. You will soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 – Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.3 – Use of Recorded Conversations and Transcripts**

Now you are going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully.

**2.4 – Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Plaintiff's Attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Plaintiff's Attorney] view of the evidence or of what he anticipates the evidence will be but isn't itself evidence.

**3.1 – Introduction**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ABDELAZIZ HAMZE**
**DOC # L81379**,

      Plaintiff,

v.                                     Case No. 3:22-CV-4978-LAC/ZCB

**SETTLEMYERS, ET AL.**,

      Defendants.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

<u>Members of the jury</u>:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

1

**3.2 – The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

### 3.3 – Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

1

**3.4 – Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 – Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.5.2 – Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 – Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Abdelaziz Hamze, to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Abdelaziz Hamze's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, Abdelaziz Hamze.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**For any given defendant**, if the proof fails to establish any essential part of the Plaintiff's claim[s] **against that defendant** by a preponderance of the evidence, you should find for **that** defendant as to that claim.

1

**3.8.1 – Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 – Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**5.6**
**Civil Rights – 42 U.S.C. § 1983 Claims – Eighth Amendment Claim –**
**Convicted Prisoner Alleging Excessive Force**

In this case, Abdelaziz Hamze claims that Smith, Settlemiers, White, Kosonovich, Simmons, and Neel, while acting under color of law, intentionally violated Abdelaziz Hamze's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment.

The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification while incarcerated.

To succeed on this claim, Abdelaziz Hamze must prove each of the following facts by a preponderance of the evidence:

First:        That **the defendant** intentionally used force against Abdelaziz Hamze;

Second:        That the force used against Abdelaziz Hamze by **the defendant** was excessive;

Third:                That **the defendant's** conduct caused Abdelaziz Hamze's injuries; and

Fourth:        That **the defendant** acted under color of law.

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously or sadistically to cause

1

harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

For the third element, a defendant's conduct caused Abdelaziz Hamze's injuries if Abdelaziz Hamze would not have been injured without that defendant's conduct, and the injuries were a reasonably foreseeable consequence of that defendant's conduct.

[For the fourth element, you must decide whether Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel, acted under color of law. A government official acts "under color" of law when [he/she] acts within the limits of lawful authority. [He/She] also acts under color of law when [he/she] claims to be performing an official duty but [his/her] acts are outside the limits of lawful authority and abusive in manner, or [he/she] acts in a way that misuses [his/her] power and is able to do so only because [he/she] is an official.]

2

If you find Abdelaziz Hamze has proved each of the facts he must prove **with respect to a given defendant**, you must find for Abdelaziz Hamze and consider the issue of damages. If you find that Abdelaziz Hamze has not proved each of these facts **for a given defendant**, then you must find for **that** defendant.

**NOTE**: Model Jury Interrogatory Forms may be found in the appendices after the last civil rights jury instruction (Pattern Instruction 5.13) for use in actions brought under 42 U.S.C. § 1983. Three types of Model Jury Interrogatory Forms are provided: (A) a simplified Interrogatory Form for use in most civil right actions; (B) an Interrogatory Form for use in actions that do not require application of the Prison Litigation Reform Act, and (C) an Interrogatory Form for use in actions that do require application of the Prison Litigation Reform Act.

## ANNOTATIONS AND COMMENTS

### I.    Eighth Amendment Claims

"In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (citation omitted). "The Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *Id*. at 1303-04. "Each of these claims requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Id*. at 1304 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Separate instructions are provided for each of these three types of claims brought by prisoners. *See* Pattern Instructions 5.6, 5.7, 5.8, 5.9.

## II.  Elements of Eighth Amendment Excessive Force Claim

With respect to the objective component of an Eighth Amendment excessive force claim, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10 (internal quotations omitted). Applying that standard, the Supreme Court ruled that blows directed at a prisoner causing bruising, swelling, loosened teeth, and a cracked dental plate were not *de minimis* for Eighth Amendment purposes. *Id*. at 10.

With respect to the subjective element of an Eighth Amendment excessive force claim, prison officials must not act maliciously or sadistically for the purpose of causing harm. *Id*. at 6-7; *accord Thomas*, 614 F.3d at 1304; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (holding that "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by Eighth Amendment).

The Eleventh Circuit has affirmed much of the language used in earlier versions of this instruction to define the elements of an Eighth Amendment excessive force claim, and that language was retained in the present instruction. *Johnson v. Breeden*, 280 F.3d 1308, 1314 (11th Cir. 2002), *overruled in part on other grounds, Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177 (2010), *as recognized in Dixon v. Sutton*, *No. 2:08-cv-745-WC*, 2011 U.S. Dist. LEXIS 49945, at *46-47, n.4 (M.D. Ala. May 9, 2011). However, *Kingsley v. Hendrickson* "may raise questions about the use of a subjective standard in the context of excessive force claims brought by convicted prisoners." 135 S. Ct. 2466, 2476 (2015).

## III.  Causation

For additional information regarding the instruction on causation, see the annotation following Pattern Instruction 5.3.

## IV.  Damages

For the damages instruction, see Pattern Instruction 5.13.

**5.13**
**Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

[**For cases subject to the PLRA:** Abdelaziz Hamze can recover compensatory [and punitive] damages only if you find that Abdelaziz Hamze has suffered more than a minimal physical injury. Thus, you must first determine whether Abdelaziz Hamze suffered more than a minimal physical injury. Minor cuts and bruises are examples of minimal physical injuries. If Abdelaziz Hamze has failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00. This is because a person whose constitutional rights were violated is entitled to a recognition of that violation, even if [he/she] suffered no actual injury. If you find that Abdelaziz Hamze has proved more than a minimal physical injury, then you must consider Abdelaziz Hamze's claims for compensatory [and punitive] damages.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Abdelaziz Hamze's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and/or Neel. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Abdelaziz Hamze does not have to introduce evidence of a monetary value for intangible things like

physical pain.  You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Abdelaziz Hamze has proved them by a preponderance of the evidence, and no others: [List recoverable damages, *e.g.*:

(a) Abdelaziz Hamze's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Abdelaziz Hamze is reasonably certain to experience in the future; and

(b) Abdelaziz Hamze's mental and emotional distress, anguish, impairment of reputation, and personal humiliation, including such mental or emotional harm that Abdelaziz Hamze is reasonably certain to experience in the future.

[**Nominal Damages:** You may award **$1.00 in** nominal damages and no compensatory damages **against a given defendant** if you find that: (a) Abdelaziz Hamze has submitted no credible evidence of injury; or (b) Abdelaziz Hamze's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) the defendant used both justifiable and unjustifiable force against Abdelaziz Hamze and it is entirely unclear whether Abdelaziz Hamze's injuries resulted from **that defendant's** the use of justifiable or unjustifiable force.]

[**Mitigation of Damages:** Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those

2

~~damages — to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel, has proved by a preponderance of the evidence that Abdelaziz Hamze did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Abdelaziz Hamze's damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.]~~

~~[Punitive Damages:~~

~~If you find for Abdelaziz Hamze and find that Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel acted with malice or reckless indifference to Abdelaziz Hamze's federally protected rights, the law allows you, in your discretion, to award Abdelaziz Hamze punitive damages as a punishment for Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel and as a deterrent to others.~~

~~Abdelaziz Hamze must prove by a preponderance of the evidence that [he/she] is entitled to punitive damages.~~

~~Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel act with malice if [his/her] conduct is motivated by evil intent or motive. Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel act with~~

3

reckless indifference to the protected federal rights of Abdelaziz Hamze when Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel engages in conduct with a callous disregard for whether the conduct violates Abdelaziz Hamze's protected federal rights.

~~If you find that punitive damages should be assessed, you may consider the evidence regarding Defendants Smith, Settlemiers, White, Kosonovich, Simmons, and Neel's financial resources in fixing the amount of punitive damages to be awarded. [You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.]]~~

### ANNOTATIONS AND COMMENTS

### I.    The Prison Litigation Reform Act of 1995 (PLRA)

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). In the Eleventh Circuit, a prisoner or pretrial detainee who suffers a constitutional violation without more than a *de minimis* physical injury may recover nominal damages, but not compensatory or punitive damages. *See, e.g.*, *Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015); *Al-Amin v. Smith*, 637 F.3d 1192, 1195-99 (11th Cir. 2011) (affirming district court's exclusion at trial of evidence concerning compensatory and punitive damages where there was no evidence plaintiff suffered a physical injury); *cf. Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003) (noting the circuit split regarding the application of the PLRA's bar on damages). The "availability of declaratory or injunctive relief" as determined by the court is not affected by the PLRA. *Boxer X v. Harris*, 437 F.3d 1107, 1111 n.3 (11th Cir. 2006).

4

Although physical injury must be more than *de minimis* to recover compensatory and punitive damages under the PLRA, the physical injury need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in pertinent part*, 216 F.3d 970 (11th Cir. 2000) . The Eleventh Circuit has not precisely  defined what constitutes *de minimis*  physical injury. Case law indicates that a *de minimis* physical injury includes minor cuts and bruises. *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable  *de minimis* injury); *Harris*, 190 F.3d at 1286  (holding that a forced "dry shave" was a *de minimis* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (finding that a sore, bruised ear persisting for three days was *de minimis*). The instruction uses  more  than minimal injury, rather than more than *de minimis* injury because it is easier for jurors  to understand and conveys the same idea.

The damages limitations under the PLRA apply with equal force to claims by convicted prisoners and pretrial detainees. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322-25 (11th Cir. 2007) (applying PLRA to § 1983 claim by a pretrial detainee). However, the PLRA does not apply to lawsuits brought by individuals who are no longer in custody. *Napier v. Preslicka*, 314 F.3d 528, 531-34 (11th Cir. 2002).

## II.   Compensatory Damages

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from  the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *accord Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). Damages may include monetary losses, such as lost wages, damaged property, and future medical expenses. *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)). Damages also may be awarded based on "physical pain and suffering" and "demonstrated . . . impairment of reputation[] and "personal humiliation." *Slicker*, 215 F.3d at 1231. The general rule requiring plaintiffs to mitigate damages applies in actions under 42 U.S.C. § 1983. *See, e.g.*, *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309-10 (11th Cir. 1988). Accordingly, the instruction provides  an  optional bracketed charge regarding mitigation of damages.

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker*, 215 F.3d at 1229 (emphasis omitted). Consequently, when a plaintiff does not provide

any "proof of a specific, actual injury caused by" the defendant's conduct, the plaintiff is not entitled to compensatory damages. *Kelly v. Curtis*, 21 F.3d 1544, 1557 (11th Cir. 1994).

### III.    Nominal Damages

The instruction reflects the three situations identified in *Slicker*, a non-PLRA case, where an award of nominal damages is appropriate. *Slicker*, 215 F.3d at 1232.

In cases that are not subject to the PLRA, an award of nominal damages may be sufficient to justify an award of punitive damages in a § 1983 action. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177-78 & n.3 (11th Cir. 2009) (noting that if plaintiff organization is successful on its claim of a First Amendment violation permitting nominal damages, then "punitive damages may be available" as well); *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (affirming award of punitive damages even though jury awarded plaintiff nominal damages but not compensatory damages).

### IV.    Punitive Damages

In order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages in § 1983 claims are not recoverable against government entities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008). In a case brought against both individuals and government entities, the instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct.

**VERDICT FORM – 42 U.S.C. §1983**

**Do you find from a preponderance of the evidence:**

1. That any of the following defendants intentionally committed acts that violated Abdelaziz Hamze's rights under the Eighth Amendment?

     a.  Defendant Smith:

          Answer Yes or No       _____

     b.  Defendant Settlemiers:

          Answer Yes or No       _____

     c.  Defendant White:

          Answer Yes or No       _____

     d.  Defendant Kosonovich:

          Answer Yes or No       _____

     e.  Defendant Neel:

          Answer Yes or No       _____

       If your answer to any of these is "Yes," go to the next question. If your answer to <u>all</u> of these is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

2. That any of the following defendants' actions were "under color" of state law?

     a.  Defendant Smith:

          Answer Yes or No       _____

1

b.  Defendant Settlemiers:

Answer Yes or No            _____

c.  Defendant White:

Answer Yes or No            _____

d.  Defendant Kosonovich:

Answer Yes or No            _____

e.  Defendant Neel:

Answer Yes or No            _____

If your answer to any of these is "Yes," go to the next question. If your answer to <u>all</u> of these is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

3. That any of the following defendants' unconstitutional conduct caused Abdelaziz

Hamze to suffer more than a minimal physical injury?

a.  Defendant Smith:

Answer Yes or No            _____

b.  Defendant Settlemiers:

Answer Yes or No            _____

c.  Defendant White:

Answer Yes or No            _____

d.  Defendant Kosonovich:

Answer Yes or No            _____

     e.  Defendant Neel:

        Answer Yes or No     _____

If your answer to any of these is "Yes," go to the next question. If your answer to <u>all</u> of these is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. For each answer you selected "No," Mr. Hamze is awarded nominal damages in the amount of $1.00.

4. That Abdelaziz Hamze should be awarded compensatory damages against any of the following defendants to compensate Abdelaziz Hamze for physical and/or emotional injury?

     a.  Defendant Smith:

        Answer Yes or No     _____

        If your answer is "Yes," in what amount?

          $_____

        If your answer is "No," Abdelaziz Hamze is awarded **$1.00 as** nominal damages.

     b.  Defendant Settlemiers:

        Answer Yes or No     _____

        If your answer is "Yes," in what amount?

          $_____

        If your answer is "No," Abdelaziz Hamze is awarded **$1.00 as** nominal damages.

c.  Defendant White:

Answer Yes or No          _____

If your answer is "Yes," in what amount?

$_____

If your answer is "No," Abdelaziz Hamze is awarded

**$1.00 as** nominal damages.

d.  Defendant Kosonovich:

Answer Yes or No          _____

If your answer is "Yes," in what amount?

$_____

If your answer is "No," Abdelaziz Hamze is awarded

**$1.00 as** nominal damages.

e.  Defendant Neel:

Answer Yes or No          _____

If your answer is "Yes," in what amount?

$_____

If your answer is "No," Abdelaziz Hamze is awarded

**$1.00 as** nominal damages.

If your answer to any of these is "Yes," go to the next question. If your answer to <u>all</u> of these is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

5. That any of the following defendants acted with malice or reckless indifference to Abdelaziz Hamze's federally protected rights and that punitive damages should be assessed against them?

    a. Defendant Smith: _____

        Answer Yes or No _____ _____

            If your answer is "Yes," in what amount? _____

        _____ $_____

    b. Defendant Settlemiers:

        Answer Yes or No _____ _____

            If your answer is "Yes," in what amount? _____

        _____ $_____

    c. Defendant White:

        Answer Yes or No _____ _____

            If your answer is "Yes," in what amount? _____

        _____ $_____

    d. Defendant Kosonovich:

        Answer Yes or No _____ _____

            If your answer is "Yes," in what amount? _____

        _____ $_____

    e. Defendant Neel:

Answer Yes or No _____          _____

          If your answer is "Yes," in what amount? _____

_____          $_____

SO SAY WE ALL.

                                        _____
                                        Foreperson's Signature

DATE: _____

Dated: September 22, 2023.

Respectfully Submitted,

/s/ James M. Slater       **ASHLEY MOODY**
James M. Slater (FBN 111779)   **ATTORNEY GENERAL**
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32302      /s/ Erik Kverne
Tel: (305) 523-9023       Erik Kverne
james@slater.legal.com      Office of the Attorney General
              Florida Bar No.: 99829
 -and-          The Capitol PL-01
              Tallahassee, Florida 32399-1050
/s/ Joshua Tarjan        Telephone: (850) 414-3300
Joshua Tarjan (FBN 107092)    Facsimile: (850) 488-4872
The Tarjan Law Firm P.A.     Erik.Kverne@myfloridalegal.com
12372 SW 82 Avenue
Pinecrest, FL 33156      */s/ Samantha-Josephine Baker*
josh@tarjanlawfirm.com     Samantha-Josephine Baker
Tel. (305) 423-8747       Senior Assistant Attorney General
              Florida Bar No. 105714
*Attorneys for Plaintiff*      Office of the Attorney General
              Civil Litigation Central
              3507 E. Frontage Road, Suite 150
              Tampa, Florida 33607
              Tel: (813) 233-2880
              Fax: (813) 281-1859
              Samantha.Baker@myfloridalegal.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing *The Parties' Proposed Jury Instructions and Verdict Forms* was electronically filed with the Clerk of Court using CM/ECF and served on all counsel of record on September 22, 2023.

            /s/ Erik Kverne
            Erik Kverne, Esq.