UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

      Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

      Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

## <u>PLAINTIFF'S BRIEFING ON JURY INSTRUCTIONS</u>

Per the Court's Final Pretrial Order (Doc. 99), Plaintiff Abdelaziz Hamze provides the following caselaw in support of his positions on eliminating any affirmative defense or mitigation instruction and rejecting Defendants' proposed modifications on nominal and punitive damages.

**I.**    **The jury should not decide Defendants' entitlement to qualified immunity, only factual issues.**

Plaintiff proposes the elimination of the optional instruction on affirmative defenses in Pattern Instruction 1.1 – General Preliminary Instruction for Defendants' sole affirmative defense of qualified immunity. (Doc. 93 at 6); *see also* (Docs. 10 & 17) (only affirmatively raising qualified immunity). As noted within the proposed instruction: it is "not the province of the jury to decide a defendant's entitlement to qualified immunity." (Doc.

93 at 6) (quoting *Simmons v. Bradshaw*, 879 F.3d 1157, 1166-67 (11th Cir. 2018) (collecting cases)). Because Defendants have not raised the issue of qualified immunity under Rules 12 or 56, "special jury interrogatories may be used to resolve those factual issues." *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996) (citing *Stone v. Peacock*, 968 F.2d 1163, 1166 (11th Cir. 1992)). However, because qualified immunity is "a legal issue to be decided by the court," such jury interrogatories "should not even mention the term" qualified immunity. *Cottrell*, 85 F.3d at 1488. "Instead, the jury interrogatories should be restricted to the who-what-when-where-why type of historical fact issues." *Id.*; *see also Bailey v. Swindell*, 2021 WL 1924176, at *2 (N.D. Fla. May 13, 2021) (Rodgers, J.) (no references to qualified immunity allowed at trial because the court decides the issue).

Accordingly, Plaintiff disputes that Defendants should be entitled to an instruction on their sole affirmative defense. Defendants have not provided any proposed jury interrogatories on the factual issues undergirding their qualified immunity defense.

## II. Plaintiff is not required to mitigate his damages and therefore the mitigation instruction should be eliminated.

Plaintiff further objects to the inclusion of the "Mitigation of Damages" instruction in Pattern Instruction 5.13 on section 1983 claims for damages. (Doc. 93 at 30–31).

The basic purpose of section 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986) (citing *Carey v. Piphus*, 435 U.S. 247, 254 (1978)). The Eleventh Circuit has held that mitigation is consistent with the purpose of section 1983 in cases involving back pay or wages. *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309 (11th Cir. 1988). It is "[a]n inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim." *Id.* at 1308 (citing *Harkless v. Sweeny Independent Sch. Dist*., 427 F.2d 319, 324 (5th Cir. 1970)). Other courts in this Circuit have concluded that mitigation applies in section 1983 cases because "one injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort." *Pattee v. Georgia Ports Auth*., 512 F. Supp. 2d 1372, 1379 (S.D. Ga. 2007) (citing Restatement (Second) of Torts § 918 (2006)).

Here, however, Plaintiff asserts purely noneconomic damages (Doc. 93 at 30) and could not have expended funds or effort to mitigate his damages while a state prisoner subject to the whims of Florida Department of Corrections. Plaintiff could not schedule his treatment, choose a course

3

of treatment, or collaborate with treating physicians on pain management. And there is no evidence to suggest that Plaintiff failed to follow doctors' orders or instructions relative to his injuries. Accordingly, the jury should not hear any instruction on mitigation unless the evidence at trial bears out some facts that could demonstrate Plaintiff failed to follow procedures and protocols by physicians and staff regarding his injuries.

## III.    The jury should hear Plaintiff's claim for punitive damages.

A jury should be permitted to assess punitive damages in a section 1983 case when the Defendant's conduct involves reckless or callous indifference to the Plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Plaintiff has asserted that Defendants broke his arm and attacked him without penological purpose as a retaliatory effort and out of animus towards his national origin. (*See, e.g.*, Doc. 38 at 2). Although Plaintiff asserts a more than de minimis injury—a broken arm—even for any acts or omissions of the defendants that may be adduced at trial that did not result in a more than de minimis physical injury (*e.g.*, a contusion, *see id.* at 3), Plaintiff may still be awarded punitive damages under the Prison Litigation Reform Act. *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021) (en banc).

4

At the pretrial conference, defense counsel suggested that punitive damages should be "narrowly tailored" under the PLRA as a basis for the proposed modification. Given that Plaintiff has alleged conduct that, if proven, can satisfy an award of punitive damages, the Court should dispense with Defendant's proposed modification of the pattern jury instructions to remove references to punitive damages. *Hoever*, 993 F.3d at 1361 (""Congress simply did not choose to provide a restriction on punitive damages.") (citation omitted). And whether any such punitive damages awarded by the jury are "narrowly tailored" under the PLRA—to the extent that is the appropriate inquiry—is a question that should be resolved after verdict. Defendants are free to raise whether such verdict complies with the limitation on prospective relief set forth in the PLRA (to the extent the Court finds that punitive damages are "prospective relief" subject to the requirement that such damages be "narrowly drawn" under 18 U.S.C. § 3626(a)(1)(A)), but they cannot take the question of punitive damages away from the jury. *See, e.g., Key v. Kight*, 2017 WL 915133, at *8 (S.D. Ga. Mar. 8, 2017), report and recommendation adopted, 2017 WL 1128601 (S.D. Ga. Mar. 24, 2017) (concluding that punitive damages were "prospective relief" under the PLRA and recommending an award of

punitive damages in the amount of $25,000 on a motion for entry of default judgment).

## IV.    The Court should not deviate from the pattern instructions on nominal damages.

Defendants ask the Court to modify the jury instructions and model prisoner civil rights verdict form to remove references to the "$1" amount to be awarded as nominal damages. Nominal damages, however, in the section 1983 context generally do not exceed one dollar. *See Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (for a violation under section 1983 without proof of actual injury, plaintiff would be "be entitled to recover nominal damages not to exceed one dollar from petitioner."); *Familias Unidas v. Briscoe*, 619 F.2d 391, 402 (5th Cir.1980) (holding that plaintiff was entitled to receive nominal damages, not to exceed one dollar, based on the infringement of her First Amendment right of association);[1] *Harrison v. Myers*, 2011 WL 3204372, *7 (S.D. Ala. July 13, 2011) (prisoner's request of $2,500 was not for nominal damages because nominal damages implies a "mere token or 'trifling'"); *Jones v. Crew Distrib. Co.*, 984 F.2d 405, 407–09 (11th Cir.1993) (describing

---

[1] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

damages of $1 as "nominal"); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir.1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); *Robinson v. Larson*, 2018 WL 6028819 (N.D. Fla. Oct. 17, 2018), report and recommendation adopted, 2018 WL 6025854, *1 (N.D. Fla. Nov. 16, 2018) (magistrate judge reasoned that plaintiff was not entitled to a jury trial because "[b]oth § 1983 case law and the Eleventh Circuit pattern jury instructions governing plaintiff's claim indicate the appropriate measure of nominal damages is $1.00."); *see also* Black's Law Dictionary 473 (10th ed. 2014) (defining "nominal damages" as "[a] trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated").

At the pretrial conference, Defendants suggested that they would be prejudiced if the jury saw the "$1" amount. Plaintiff is unsure how that would be—the only way the jury would determine whether Plaintiff was entitled to nominal damages is if they <u>first</u> found that Defendants violated his rights and <u>second</u> that he was not entitled to compensatory damages. Hiding the fact that nominal damages are $1 does not change that the jury is required to go through each question in order and make a decision before moving on to the next question. Because the pattern instructions

and verdict form are consistent with the decisional authority of the Supreme

Court and this Circuit, the Court should not deviate from them.

Dated: October 23, 2023.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32302
Tel: (305) 523-9023
james@slater.legal

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
josh@tarjanlawfirm.com
Tel. (305) 423-8747

*Attorneys for Plaintiff*

**Certificate of Compliance with Local Rule 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing

document contains 1,551 words, inclusive of headings, footnotes, and

quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater