UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.                                      Case No. 3:22cv4978-TKW-ZCB

LT. SETTLEMIRES, et al.,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.



FILED IN OPEN COURT
11/2/23
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

3

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Civil Rights – 42 U.S.C. § 1983 Claims– Eighth Amendment Claims

In this case, Mr. Hamze claims that the Defendants, while acting under color of law, intentionally violated Mr. Hamze's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment in two ways—by using excessive force (Defendants Smith, White, Kosonovich, Simmons, and Neel) and through deliberate indifference/interference with medical care (Defendant Settlemiers). Each claim is subject to different legal standards.

### Excessive Force

The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten

without legal justification while incarcerated.

To succeed on this claim against Defendants Smith, White, Kosonovich, Simmons, and/or Neel, Mr. Hamze must prove each of the following facts by a preponderance of the evidence:

> First: That the defendant intentionally used force against Mr. Hamze;
> Second: That the force used against Mr. Hamze by the defendant was excessive;
> Third: That the defendant's conduct caused Mr. Hamze's injuries; and
> Fourth: That the defendant acted under color of law

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline or for officer safety, or instead whether it was applied maliciously or sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the defendants; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

5

For the third element, a defendant's conduct caused Mr. Hamze's injuries if Mr. Hamze would not have been injured without that defendant's conduct, and the injuries were a reasonably foreseeable consequence of that defendant's conduct.

For the fourth element, the parties have agreed that each defendant acted under color of law, so you must accept that as true.

If you find Mr. Hamze has proved each of the facts he must prove with respect to a given defendant, you must find for Mr. Hamze and consider the issue of damages. If you find that Mr. Hamze has not proved each of these facts for a given defendant, then you must find for that defendant.

### Deliberate Indifference–Interference with Medical Care

In this case, Mr. Hamze claims that Defendant Settlemires, while acting under color of law, was deliberately indifferent to his serious medical need through interference with medical treatment and caused injury to him in violation of his Eighth Amendment rights.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a corrections officer violates that right by being deliberately indifferent to a prisoner's known serious medical need.

To succeed on this claim, Mr. Hamze must prove each of the following facts by a preponderance of the evidence:

> First: That Plaintiff Hamze had a serious medical need;

6

> <u>Second</u>: That Defendant Settlemires knew that Mr. Hamze had a serious medical need that posed a risk of serious harm;
>
> <u>Third</u>: That Defendant Settlemires failed to [provide/get] necessary medical care for Mr. Hamze's serious medical need in deliberate indifference to the risk of serious harm;
>
> <u>Fourth</u>: That Defendant Settlemires' conduct caused Mr. Hamze's injuries; and
>
> <u>Fifth</u>: That Defendant Settlemires acted under color of law.

For the first element, Mr. Hamze must prove a serious medical need. A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to Mr. Hamze if left unattended.

For the second element, you must determine whether Defendant Settlemires actually knew Mr. Hamze had a serious medical need and required immediate attention. Put another way, it is not enough to show that Defendant Settlemires was careless or neglected his job duties and should have known about Mr. Hamze's need. And it is not enough to show that a reasonable person would have known of the serious medical need. However, you may find from circumstantial evidence that Defendant Settlemires knew about the risk of serious harm. Further, if the risk of serious harm was obvious, you may, based on that, find that Defendant Settlemires knew about that risk.

7

For the third element, to decide whether Defendant Settlemires was deliberately indifferent to Mr. Hamze's serious medical need, you may consider all the relevant circumstances including the seriousness of Mr. Hamze's injury, the length of any delay in providing Mr. Hamze's medical care, and the reasons for any delay. But the law does not require that Mr. Hamze receive the most advanced medical response to his serious medical need.

For the fourth element, you must determine whether Defendant Settlemires' conduct caused Mr. Hamze's injuries. Defendant Settlemires' conduct caused Mr. Hamze's injuries if Mr. Hamze would not have been injured without Defendant Settlemires' conduct or if Mr. Hamze's injuries were worsened by Defendant Settlemires' conduct, and the injuries were a reasonably foreseeable consequence of Defendant Settlemires' conduct.

For the fifth element, the parties have agreed that Defendant Settlemires acted under color of law, so you must accept that as true.

**Damages**

Mr. Hamze can recover compensatory only if you find that Mr. Hamze has suffered more than a minimal physical injury. Thus, you must first determine whether Mr. Hamze suffered more than a minimal physical injury. Minor cuts and bruises are examples of minimal physical injuries. If Mr. Hamze has failed to prove that he suffered more than a minimal physical injury, then you must award

8

nominal damages of $1.00. This is because a person whose constitutional rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Hamze's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize any defendant. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Mr. Hamze does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Hamze has proved them by a preponderance of the evidence, and no others:

  (a) Mr. Hamze's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Mr. Hamze is reasonably certain to experience in the future;

  (b) Mr. Hamze's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Mr. Hamze is reasonably

9

certain to experience in the future; and

**Nominal Damages:** You may award $1.00 in nominal damages and no compensatory damages against a given defendant if you find that: (a) Mr. Hamze has submitted no credible evidence of injury; or (b) Mr. Hamze's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) the defendant used both justifiable and unjustifiable force against Mr. Hamze and it is entirely unclear whether Mr. Hamze's injuries resulted from that defendant's the use of justifiable or unjustifiable force.

**Punitive Damages:**

If you find for Mr. Hamze and find that any defendant acted with malice or reckless indifference to Mr. Hamze's federally protected rights, the law allows you, in your discretion, to award Mr. Hamze punitive damages as a punishment for that defendant(s) and as a deterrent to others.

Mr. Hamze must prove by a preponderance of the evidence that he is entitled to punitive damages.

Defendants act with malice if their conduct was motivated by evil intent or motive. Defendants act with reckless indifference to the protected federal rights of Mr. Hamze when the Defendants engage in conduct with a callous disregard for whether the conduct violates Mr. Hamze's protected federal rights.

If you find that punitive damages should be assessed, you may consider the

10

evidence regarding the Defendants' financial resources in fixing the amount of punitive damages to be awarded. You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

### Responsibility for Proof – Preponderance of the Evidence

In this case it is the responsibility of Mr. Hamze to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Hamze's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, Mr. Hamze.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

For any given defendant, if the proof fails to establish any essential part of the Plaintiff's claim[s] against that defendant by a preponderance of the evidence, you should find for that Defendant as to that claim.

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous -- in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.