IN THE US NORTHERN DISTRICT COURT OF FLORIDA

Abdelaziz Hamze,
v.
Settlemeyers, et al,

3:22cv4978
Case No.: 22-4978

MOTION FOR EVIDENTIARY HEARING & REQUEST FOR COUNSEL

Comes Now, Abdelaziz Hamze, plaintiff in pro-se, and moves for an evidentiary hearing and states:

1. Plaintiff filed a motion for a mistrial based on the criminal perjury of each of the defendants in the above styled cause as follows:

   a. Neel, Simmons & Kosanovitch, each testified during trial that they did not copy, or use, each other's reports regarding the incident on June 5. Evidence during trial clearly showed that their reports were identical, down to each letter, even the grammatical errors, which proves beyond reasonable doubt that these defendants committed perjury under Oath in Court.

   b. The same can be observed in the testimony of White & Smith, who also testified that they did not use each other's reports in anyway, regarding the incident on June 10, while the Exhibits showed prove that their reports were identical copies and that they committed perjury under Oath in Court.

   c. Settlemeyers testified that he is permitted, by rule, to hear a Disciplinary Report in which he is witness to the incident therein, as he did in the DR of the incident on June 5.

Case 3:15-cv-02220-TKW-ZCB Document 117 Filed 11/14/23 Page 32 of 82 PageID 2179
USCA11 Case: 20-14247    Document: 54-1    Date Filed: 05/17/2023    Page: 31 of 37

20-14247                 Opinion of the Court                          31

### 4. Jury Instruction

As we've explained, Hall's claim that Lieutenant Merola instructed other officers not to feed Hall went to trial, and the jury found Lieutenant Merola not liable. In support of his request for a new trial, Hall argues that Jury Instruction 9 was legally incorrect because it limited his damages to nominal damages. In Hall's view, the instruction was prejudicial because it directed the jury that "any [of Hall's] physical injur[ies]" were minimal, thus impugning Hall's credibility given that Hall had testified to suffering physical injuries. The severity of Hall's injuries was central to his case, Hall says, because the entire case boiled down to whether the jury should have believed Hall or Lieutenant Merola. So telling the jury that the injuries were minimal—and thus, in Hall's view, not to believe Hall when he testified to severe injuries—placed a thumb on the scale of liability. We disagree.

As a reminder, Jury Instruction 9 read,

> If your verdict is in favor of Peter Merola with respect to each claim, you will go no further. But if your verdict on one or both claims is for Wendall Hall, you will consider the issue of damages. **When, as here, any physical injury an inmate suffers is minimal, the law allows an inmate to recover nominal damages.** This is because a person whose constitutional rights were violated is entitled to a recognition of that violation, even if he suffered only minimal injuries. Thus, if your verdict is for Wendall Hall on either

An Exhibition of the rule, as well as professional testimony during trial by F.D.O.C. Central office's Mike Harrell, clearly prove that Settlemeyers intentionally and willfully made a perjurous false statement under Oath in Court.

2. This Court should find probable cause for the Indictment and arrest of all defendents, above, based on the foregoing evidence of their crimes against the law of the United States.

3. Therefore, warrants for the arrest of each of these defendents should issue, as well as new criminal cases charging each with perjury under Oath.

4. The plaintiff would testify in an evidentiary hearing in this regard, which would be only expected of him as a party of interest in such criminal prosecution establishing the guilt of each of these defendents and nullifying their testimony, during the trial in this case, as well as the jury's verdict.

5. Considering the multitude of, criminal, cases and their direct relevance to plaintiff's motion for a mistrial, it would be too intricate and unattainable by due diligence for plaintiff to participate and follow-up in the process of this case, and the relevant prospective criminal cases, without counsel.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ HAMZE,

    Plaintiff,

v.

LT. SETTLEMYERS, *et al.*,

    Defendants.

Case No. 3:22-cv-4978-TKW-ZCB

**FILED UNDER SEAL**

***SEALED* EXHIBIT 1 TO VERIFIED PETITION TO APPROVE ATTORNEY FEE CONTRACT**

Disregard this side

Therefore, plaintiff requests an evidentiary hearing in light of the above facts relating to his motion for mistrial, as well as an order appointing counsel to assist plaintiff for the limited purpose of the motions for mistrial and evidentiary hearing.

Furthermore, plaintiff requests an order by this court directing the clerk to put the U.S. Attorney General's office on full proper notice of the content and the offenses enumerated in this foregoing motion, out of legal necessity.

Abdelaziz Hamze
11.12.2023

## CERTIFICATE OF SERVICE

A true copy of the foregoing was mailed via US mail to:

Clerk, US District Court
1 N. Palafox St.
Pensacola, FL 32502-2755

& Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-4299

On the 12th day of November 2023.

Abdelaziz Hamze
Santa Rosa C-I.

PROVIDED TO
SANTA ROSA C.I ON
NOV 1 2 2023
FOR MAILING BY
A.T1

-3 of 3-

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Defendant | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____
*(Name of the defendant-or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

*Disregard this side*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

Abdelaziz Hamza #18/379
Santa Rosa C.I.
5850 East Milton Road
Milton, FL 32583

Case 3:22-cv-04978-TKW-ZCB   Document 117   Filed 11/14/23   Page 7 of 8

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

PENSACOLA FL 325
13 NOV 2023 PM 1 L

US POSTAGE PITNEY BOWES
ZIP 32583 $ 000.63
02 4W
0000368416 NOV 13. 2023

NOV 14 2023

Clerk, US District Court

1 N. Palafox Street

Pensacola, FL 32502-9755

PROVIDED TO
SANTA ROSA C.I. ON

NOV 1 2 2023

FOR MAILING BY
A.H.