IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**
**DOC # L81379**,

    Plaintiff,

v.                                  Case No. 3:22-CV-4978-TKW/ZCB

**SETTLEMIRES, ET AL.**,

    Defendants.
_____/

## **DEFENDANTS' MOTION FOR TAXATION OF COSTS**

**Smith**, **Settlemires**, **White**, **Kosanovich**, **Simmons**, and **Neel** ("Defendants"), through undersigned counsel and pursuant to Rule 54(d)(1), Fed. R. Civ. P., file this Motion to Tax Costs and respectfully request an award of costs. In support, Defendants state:

### **JURISDICTION AND PROCEDURAL HISTORY**

1. This Court has jurisdiction over Eighth Amendment Claims pursuant to 42 U.S.C. §1983.

2. During the period of October 30, 2023, through November 2, 2023, a jury trial was conducted with this Court. *See* (Doc. 109).

1

3. On November 2, 2023, a Jury Verdict was entered, and Defendants were not found liable on any of the allegations from Plaintiff.

4. Defendants are the prevailing party. The Jury's Verdict, *see* (Doc. 111), was entered on November 2, 2023, and the Clerk's Judgment was entered on November 3, 2023. *See* (Doc. 115).

## MOTION FOR TAXATION OF COSTS

5. Defendants seek the costs incurred in obtaining transcripts, for use in this case, copying and printing costs, creation of exhibits at trial, and fees of witnesses under 28 U.S.C. § 1821 (2023).

## MEMORANDUM OF LAW

The Federal Rules specifically state:

> Costs other than Attorneys' Fees. Except when express provision therefore is made either in a statute of the United States or in these rules, costs … shall be allowed as of course to the prevailing party unless the court otherwise directs …

Fed. R. Civ. P. 54(d)(1). The "prevailing party" is "[a] party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835 (2001) (citation omitted).

While the court has discretion in considering a motion to tax costs, *see Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir. 1996), that discretion is limited. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Although

the district court has discretion to deny a prevailing party costs, such discretion is not unfettered"). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The court can consider the financial status of the non-prevailing party; however, when considering such financial circumstances, the non-prevailing party should be required to provide substantial documentation of a true inability to pay and "a court may not decline to award any costs at all." *Id*. at 1039. Further, the court should not compare the financial resources of the parties as such would unduly prejudice parties with assets and undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id*. Here, pursuant to a jury verdict in their favor, Defendants were the prevailing party on all claims. (Doc. 193).

Costs may be taxed against indigents. *See Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984). The costs authorized by statute, 28 U.S.C. §1920, are recoverable by the prevailing party, Rule 54(d), FRCP. The non-prevailing party bears the burden of demonstrating that a cost is not taxable. *Monelus v. Tocudrian*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009); *Ass'n for Disabled Americans, Inc. v. Integra Report Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The necessary fees for printed or electronically recorded transcripts and copy costs are taxable. 28 U.S.C. § 1920(2), (4). Witness attendance fees and reasonable travel costs are

taxable. 28 U.S.C. §1821.

Finally, Defendants hereby request that any cost awarded by the Court bear interest from the date of the original final judgment (November 3, 2023). "When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Procaps v. Patheon, Inc.*, 2016 WL 411017 (S.D. Fla. 2016) citing *Bank Atlantic v. Blythe Eastman Pain Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) and *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009) (entering interest on costs award in favor of defendant after the Court granted its summary judgment motion and entered a final judgment).

**WHEREFORE**, Defendants respectfully moves this Court for an order of judgment taxing costs in the amount of $3,422.28 for Defendants' costs and interest against Plaintiff and in favor of Defendants.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Motion for Taxation of Costs* was e-filed through CM/ECF on November 17, 2023, and mailed by US Mail to: Abdelaziz Hamze, DC# L81379, Northwest Florida Reception Center, Main Unit, 4455 Sam Mitchell Drive, Chipley, Florida 32428-3501.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com