UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**,

    **Plaintiff**,

v.                                     Case No. 3:22cv4978-TKW-ZCB

**LT. SETTLEMIRES**, et al.,

    **Defendants**.

_____/

## **ORDER**

This case is before the Court based on Plaintiff's pro se "Motion to Proceed without Prepayment and for Appointment of Counsel" (Doc. 135). No response is needed.

This is a civil case under 42 U.S.C. §1983 in which Plaintiff alleged that prison guards used excessive force against him. The case went to trial and the jury returned a verdict for Defendants. *See* Doc. 111. The Court entered judgment for Defendants, *see* Doc. 115, and thereafter denied Plaintiff's post-judgment motions, *see* Doc. 119. Nearly three months later, Plaintiff filed what appears to be an untimely notice appeal. *See* Doc. 129.[1]

---

[1] The notice of appeal states that it was filed "within 30 days from the date of the order disposing of Defendants' motion for costs, which tolled the time for filing this notice pursuant to rule 4(a)(4)(A)(iii), Fed. R. App. P." However, Plaintiff's reliance on Rule 4(a)(4)(A)(iii) is misplaced because that rule provides that the time for filing an appeal is tolled until the entry of

Plaintiff now seeks the appointment of counsel, presumably to represent him on appeal. The Court does not have the authority to appoint appellate counsel in a civil case. That authority is vested in the Eleventh Circuit. Thus, the portion of Plaintiff's motion seeking the appointment of counsel will be denied without prejudice to him seeking that relief from the Eleventh Circuit.

Plaintiff also seeks leave to proceed without prepaying the cost of the transcript. The Court does not have the authority to grant that relief because Plaintiff is not proceeding in forma pauperis (IFP) in this Court, he has not been authorized to proceed IFP on appeal, and his motion does not include the affidavit or other information required by 28 U.S.C. §1915(a).

Even if Plaintiff is indigent, as he claims to be, that would not necessarily allow him to proceed IFP on appeal because "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. §1915(a)(3). Moreover, even if Plaintiff is allowed to proceed IFP on appeal, that would not entitle him to free trial transcripts unless the Court "certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. §753(f).

---

the order disposing a motion "for attorney's fees under Rule 54" (not a motion for costs) and only "if the district court extends the time for appeal under Rule 58" (which the Court did not do in this case).

Here, this appeal does not appear to have been taken in good faith and the Court cannot certify that it is not frivolous or that it presents a substantial question because the appeal appears to be untimely, and it is unknown what issue(s) Plaintiff intends to raise on appeal. Moreover, because the resolution of this case at trial essentially boiled down to the jury's assessment of the credibility of the parties' conflicting stories about alleged excessive use of force, it is unlikely that the Eleventh Circuit will reverse the judgment.

For these reasons, it is **ORDERED** that Defendant's pro se "Motion to Proceed without Prepayment and for Appointment of Counsel" (Doc. 135) is:

1. **DENIED without prejudice** with respect to the motion to appoint appellate counsel; and

2. **DENIED** with respect to all other relief requested in the motion.

3. The Clerk shall send a copy of this Order to the Eleventh Circuit.

**DONE and ORDERED** this 27th day of March, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

3