UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ABDELAZIZ HAMZE**,

    **Plaintiff**,

v.                                                      Case No. 3:22cv4978-TKW-ZCB

**LT. SETTLEMIRES**, et al.,

    **Defendants**.

_____/

## ORDER DENYING MOTION TO APPEAL IN FORMA PAUPERIS

This case is before the Court based on Plaintiff's motion for permission to appeal in forma pauperis (IFP) (Doc. 144). No response is needed.

A prisoner seeking to appeal IFP must submit the affidavit described in 28 U.S.C. §1915(a)(1) <u>and</u> "a certified copy of the trust fund account statement … for the prisoner for the 6-month period immediately preceding the filing of the … notice of appeal." 28 U.S.C. §1915(a)(2). Plaintiff submitted the affidavit, but not the account statement. Thus, the motion could be denied on that basis alone.

However, even if the motion included the account statement, it would still be denied under 28 U.S.C. §1915(a)(3), which states that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." "Good faith," in this context, is an objective standard and is demonstrated when the movant shows that he has a non-frivolous issue for appeal. *See Coppedge v. United States*,

369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that "the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  In other words, an IFP appeal is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)).  An application to appeal IFP may therefore be denied "if it appears—objectively—that the appeal cannot succeed as a matter of law."  *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd,* 193 F.3d 522 (11th Cir. 1999); *see also Carroll*, 984 F.2d at 393 (case may be deemed frivolous for IFP purposes if there is "little or no chance of success").

> Here, the motion identifies the following issues for appeal:
>
> [1] The Defendants lied during trial.  Thus making their statements inadmissible.  [2] The Defendants committed perjury by which their testimony should be thrown own [sic] and deemed inadmissible.
> [3] The judge failed to conduct an inquiry regarding his qualification to preside over the case since the judge was the one who rule on a relevant case, which is the mandamus in the First DCA to overturn the DR.
> [4]  More grounds will be provided upon ordering the transcript.

Doc. 144 at 1.  Putting aside the fact Plaintiff's appeal appears to be untimely, *see* Doc. 136 at 1 n.1, none of the grounds that Plaintiff intends to raise on appeal have any arguable merit in fact or law.

2

With respect to the first and second issues, it is not the function of an appellate court to determine whether a party or witness lied at trial (that is the function of the jury), and even if a witness lied during trial, that would not make their testimony "inadmissible." With respect to the third issue, although an appellate court can review a district judge's decision not to recuse himself, there is no chance that the Eleventh Circuit will reverse the order (Doc. 126) denying Plaintiff's motion for recusal in this case because the First DCA mandamus cases on which the motion was based were decided in 2013 and 2015, *see* Doc. 125 at 6-8, and had nothing to do with the incident in this case, which occurred in 2018. With respect to the fourth issue, the Court is unaware of any other potentially non-frivolous ground for an appeal. *See* Doc. 136 at 3 ("[B]ecause the resolution of this case at trial essentially boiled down to the jury's assessment of the credibility of the parties' conflicting stories about alleged excessive use of force, it is unlikely that the Eleventh Circuit will reverse the judgment.").

In sum, for the reasons stated above, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that Plaintiff's appeal is not taken in good faith. Accordingly, it is

**ORDERED** that Plaintiff's motion for permission to appeal IFP is **DENIED**, and Plaintiff shall have 28 days from the date of this Order to pay the remainder[1] of the $605.00 appellate filing fee. No extensions of this period will be granted.

---

[1] Plaintiff made a "partial payment" of $100 on April 23, 2024. *See* Doc. 143.

**DONE and ORDERED** this 25th day of April, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

4